**William A. CROWE, Trading as William A. Crowe Company, Appellant,**

v.

**RAGNAR BENSON, INC.**

**No. 13809.**

United States Court of Appeals Third Circuit.

Argued May 15, 1962.

Decided Aug. 13, 1962.

Vincent M. Casey, Pittsburgh, Pa., for appellant.

Samuel L. Goldstein, Pittsburgh, Pa. (Suto, Power, Goldstein, & Walsh, Pittsburgh, Pa., Samuel Y. Stroh, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal by the plaintiff, William A. Crowe, Trading as William A. Crowe Company, from an Order of the District Court for the Western District of Pennsylvania, vacating a default judgment in his favor in the amount of $35,-603.37 against the defendant, Ragnar Benson, Inc., in a suit to recover for services performed under a contract between plaintiff and defendant in connection with the cosntruction of the Gateway Park Garage, Gateway Center, Pittsburgh, Pennsylvania.

The complaint in this suit was filed on June 6, 1960. There followed a telephone conversation and an exchange of letters between plaintiff's counsel and defend-

ant's counsel in which the former agreed to consent to a reasonable extension of time for the filing of an answer. Defendant's counsel was to prepare the necessary order for submission to the Court. The proposed order was never prepared. On December 29, 1960, the Clerk of the Court directly notified defendant by letter that the case would be called for trial in January or February, 1961. During this period defendant's counsel was unable to devote full attention to his practice because of serious illnesses of his mother and his wife. On February 13, 1961, no appearance having been entered by counsel for defendant and no answer having been filed, the Clerk of the Court entered judgment by default pursuant to plaintiff's application to do so. On September 8, 1961, following the issuance of a writ of execution on August 31 and the commencement of garnishment proceedings against defendant's bank accounts, defendant's counsel filed a motion to vacate the default judgment under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and to stay the garnishment proceedings.

On September 13, following hearing had on the previous day, the District Court entered an Order granting defendant's motion to vacate the default judgment and terminating the garnishment proceedings conditioned upon defendant's payment to plaintiff's counsel of the sum of $750.00 within 24 hours. The Order further directed defendant to file an answer to plaintiff's complaint by September 18 and fixed November 13 for a pretrial conference.

On September 13 defendant's counsel sent his check for $750.00 to plaintiff's counsel. On September 14 plaintiff's counsel advised the Clerk of the District Court of his receipt of the aforementioned check.[1] On September 18, the Clerk, pursuant to the terms of the District Court's Order, vacated the default judgment entered February 13, 1961. On September 26 plaintiff appealed. Subsequently, on November 13, the District Court entered an Order postponing until after disposition of plaintiff's appeal the pre-trial conference earlier fixed for that day. In this Order, the District Court stated that defendant's motion under Rule 60(b) had been granted "for the reason that the Court was of the view that since negotiations had previously been conducted by counsel for the parties and since counsel on behalf of the plaintiff knew of the identity of defendant's counsel and nevertheless proceeded to secure default judgment without apprising a fellow member of the bar of said fact or failing to have notice given to him through the United States Clerk of Courts, it was my judgment that the interests of justice required that said default judgment be lifted."

On this appeal plaintiff contends that the District Court (1) abused its discretion in vacating the default judgment and (2) acted arbitrarily in denying plaintiff an opportunity to answer defendant's motion under oath[2] and in failing to comply with its Local Rule providing that a motion filed on or before the third Wednesday of the month was to be heard by the miscellaneous judge during the following month.

In reply, defendant says that the District Court's Order vacating the default judgment is interlocutory and therefore not appealable. It further urges that the District Court did not abuse its discretion

1. It is agreed by the parties that plaintiff's counsel was still in possession of the $750.00 check when the instant appeal was filed on September 26, 1961; that the check was not returned by plaintiff's counsel to defendant's counsel until December 1, 1961.

2. Defendant's motion set forth the circumstances pertaining to the failure to enter an appearance and file an answer

and was accompanied by an affidavit by defendant's counsel that the facts as stated were true. At the hearing before the District Court, plaintiff's counsel was afforded an opportunity to explain the circumstances surrounding the securing of the default judgment. The trial judge stated that he would treat counsel's explanation, although unsworn, as having been made under oath, inasmuch as counsel was an officer of the Court.

or act arbitrarily and that the Local Rule relied on by plaintiff was not applicable in view of the emergency situation created by the garnishment proceedings.

█ At the outset, it should be noted that plaintiff does not contend that the District Court acted beyond its jurisdiction in vacating the default judgment as was the case in Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962). Plaintiff asserts only that there was an abuse of discretion and certain procedural irregularities. With respect to these contentions, we need only say that we do not reach them since the Order of the District Court vacating the default judgment is a nonappealable interlocutory order, and accordingly we are without jurisdiction to entertain this appeal. United States v. Agne, 161 F.2d 331 (3d Cir. 1947).[3]

██ Plaintiff requests that we treat the appeal as a petition for writ of mandamus or prohibition if we consider the Order nonappealable. Assuming, arguendo, that an appeal may be so treated, we are of the opinion that the use of the writ is inappropriate here. It is settled that "the extraordinary writs cannot be used as substitutes for appeals * * *." Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953). There are no "exceptional circumstances" here which would justify the issuance of the writ. LaBuy v. Howes Leather Co., 352 U.S. 249, 256, 260, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958).

For the reasons stated the appeal will be dismissed.

McLAUGHLIN, Circuit Judge (dissenting).

The setting aside of the judgment in this case was an abuse of discretion and arbitrary. Therefore it is appealable. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3 Cir. 1951).

The complaint in the suit was filed June 6, 1960. The summons was served June 7, 1960. After service, an attorney saying he represented the defendant telephoned plaintiff's attorney and asked him for an extension of time to answer. Plaintiff's attorney said he would agree to any reasonable extension of time. The other attorney sent a letter to plaintiff's attorney saying he would have an order prepared "to be executed by the Court and signed by you, the early part of the week beginning June 20, 1960." This was not done and no answer or other pleadings were filed on behalf of the defendant. The case appeared on the trial list for December 29, 1960. The district court clerk advised the defendant of this and that the case would be called for trial in January or February of 1961. The clerk told defendant there was no appearance entered for it and suggested it obtain counsel.

Plaintiff's attorney was notified by the clerk that the action would be tried during the week of February 13, 1961. On that date, almost eight months from the inception of suit, plaintiff had a default judgment entered. Notice of that was mailed defendant by the clerk. There were no further proceedings until six months later when execution was issued. It was only after that, on September 8, 1961, that the attorney entered an appearance on behalf of the defendant and moved to vacate the judgment.

Thereafter there was informal argument on the motion before the court. There was no testimony. That procedure was directly contrary to the district court rule which required the motion to be assigned to the next session of the particu-

---

3. We cannot subscribe to the view expressed in the dissenting opinion that the Order vacating the default judgment is appealable under Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951). In that case the District Court *dismissed* a motion by the defendant to set aside a default judgment and the appealability of the District Court's action was not at issue since it was a "final decision" in that it *terminated* further proceedings. In the instant case the order vacating the default judgment was interlocutory inasmuch as it contemplated further proceedings in the lower court.

lar branch of the court. The judge stated, "I think counsel for the defendant was grossly derelict in duty in not complying with the provisions of law as they exist in the United States Courts." He further said "Should the Court exercise discretion and grant relief where a defendant flagrantly fails to comply with the rules of this Court and flagrantly pays no attention to letters that go out from the Clerk of Court and a default judgment is entered?" Then he vacated the judgment on the condition that the plaintiff's attorney be paid $750. On September 13, 1961 an order setting aside the judgment on that term was entered "For the reasons set forth in hearing held September 12, 1961, * * * ". A check was thereafter sent plaintiff's attorney which he refused to accept and returned to defendant's attorney.[1] On September 26, 1961 plaintiff appealed from the order reopening the judgment. The original record of the litigation was mailed by the district court clerk to this court for filing. On November 13, 1961 while the case was on appeal to this court the district judge entered an order in the matter postponing a pretrial conference. In that order the court said, " * * * it was my judgment that the interests of justice required that said default judgment be lifted." This was the first and only time such reason was assigned by the court to its order of more than a month previous.

On the bare statement of what actually happened there was both such abuse of discretion and arbitrary conduct on the part of the trial court "that the interests of justice" call for the reversal of the reopening of the judgment in question. This is no snap judgment which is before us. A most reputable attorney waited fifteen months before taking any final steps in the cause. The court found the other side guilty of gross negligence. It never accorded plaintiff an opportunity to protect his judgment but brushing aside its own salutary rule, peremptorily set aside the judgment and after that when the case was in this court on appeal ascribed as the reason for so doing "that the interests of justice required that said default judgment should be lifted." Under the facts the district court order cannot be fairly sustained.

---

**I.** After the judgment of the district court was affirmed by this court, on January 16, 1962, defendant's attorney again sent the check to plaintiff's attorney saying "Now in the light of the U.S. Court of Appeals action vacating the judgment against us, I am returning herewith the heretofore mentioned check pursuant to Judge Gourley's original order." On March 9, 1962, this court vacated its judgment above mentioned and relisted the appeal for argument which was had May 15, 1962. Plaintiff's attorney retained the check pending disposition of this appeal until July 26, 1962, on which date he again returned it to defendant's attorney.