This is an appeal from a judgment granting a Rule 60 (b) motion.
Plaintiff brought an action against Speedway Oil Company and Billy Joe Wells d/b/a Speedway Oil Company and Billy Joe Wells, individually.
Speedway Oil Company was in fact a corporation with an office in Tuscaloosa County, Alabama. Billy Joe Wells was the president of the corporation. The corporation employed a young woman to answer the phone, receive and file reports and otherwise pass on to Mr. Wells matters which came to her attention in his absence from the office.
A deputy sheriff brought copies of the summons and complaints to the office for service. Mr. Wells was not present. He left two copies with the young woman in the corporate office and made return on the originals showing service upon Billy Joe Wells, individually and as agent for Speedway Oil Company. The copies were placed in a file marked "legal" by the young woman in the office and were not brought to the attention of Wells.
Default judgment was subsequently entered in the amount of $5,000. Garnishment of the bank account of Speedway Oil Company was filed. Notice of the garnishment by the bank to Wells was the first that he knew of the suit. Wells immediately, through counsel, filed a 60 (b) motion to set aside the judgment. Grounds for the motion were stated to be failure of proper service upon the defendants.
The motion, supported by affidavits was heard by the court and judgment entered thereon setting aside the judgment by default and reinstating the case. The court stated in its judgment that it found that Wells was not personally served with process either as an individual nor as agent for the corporation and that he had no notice of the suit until the service of garnishment on the bank.
Plaintiff brought appeal from the Rule 60 (b) judgment.
A motion for relief from a judgment under Rule 60 (b) is addressed to the discretion of the court and equitable principles may be considered in the exercise of that discretion. Bros Inc. v. W.E. Grace Mfg. Co., 320 F.2d 594 (5th Cir. 1963). Rule 60 (b) has been liberally applied in the setting aside of default judgments so that there might be a trial on the merits. Schwab v. Bullock's, Inc., 508 F.2d 353
(9th Cir. 1974). However, in this case we do not consider whether the trial court abused its discretion, but we dismiss the appeal ex mero motu because an order granting a motion under Rule 60 (b) and ordering a new trial is interlocutory and not appealable. Crowe v. Ragnar Benson, Inc., 307 F.2d 73 (3d Cir.), cert. denied, 371 U.S. 940, 83 S.Ct. 319, 9 L.Ed.2d 275
(1962); Oliver v. Home Indem. Co., 470 F.2d 329 (5th Cir. 1972); Code of Alabama § 12-22-2 (1975).
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.