The mother filed a motion for rule nisi and thereafter filed an amended motion for rule nisi and a motion to modify. After a hearing on these motions, the trial court entered an order dated March 2, 1987. On April 2, 1987, the father filed a motion to reconsider, which was denied on April 24, 1987. The father filed a notice of appeal on June 5, 1987.
When a post-trial motion has been filed pursuant to Rules 50, 52, 55 and 59 of the Alabama Rules of Civil Procedure (Ala.R.Civ.P.), the time for filing a notice of appeal is tolled. Rule 4(a)(3), Alabama Rules of Appellate Procedure (ARAP). Such a post-trial motion filed pursuant to these rules has to be filed within 30 days after the entry of final judgment for such motion to be considered timely filed. Rules 50(b), 52(b), 55(c), 59(b), and 59(e), Ala.R.Civ.P. If a post-trial motion is not timely filed, the 42-day time period for filing a notice of appeal is not tolled. Lewis v. State,463 So.2d 154 (Ala. 1985).
In this case, the trial court entered its judgment on March 2, 1987. The father's motion to reconsider was filed on April 2, 1987, which was 31 days after the date of the entry of judgment. Due to the untimeliness of the filing of the post-trial motion, the time for taking an appeal was not tolled. Lewis v. State, 463 So.2d 154.
Consequently, the father's notice of appeal is untimely because it was filed on June 5, 1987, which was more than 42 days after the trial court's entry of judgment on March 2, 1987. This court has no jurisdiction to consider an appeal if the appeal has not been timely filed. Allen v. Holmes,439 So.2d 166 (Ala.Civ.App. 1983). The father's failure to timely appeal requires this court to dismiss the appeal ex mero motu.Allen v. Holmes, 439 So.2d 166.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.