861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rory S. BROWN, Plaintiff-Appellee,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellant.
 No. 87-3917.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and DOUGLAS W. HILLMAN,* District Judge.
 PER CURIAM.
 
 
 1
 On September 20, 1985, plaintiff, Rory Brown, instituted a personal injury action against defendant, Consolidated Rail Corporation (Conrail). The suit was brought under the Federal Employers Liability Act (FELA), 45 U.S.C. Sec. 51. At an August 19, 1986, pretrial conference, a trial date was set for April 28, 1987. Subsequent to the setting of the trial date, Brown and his attorney had a falling-out and the attorney was allowed to withdraw pursuant to a court order filed November 3, 1986. At the time the order was presented for entry by counsel, the court added the following language: "Plaintiff granted thirty (30) days to obtain new counsel." This order was entered by Judge Walinski to whom the case was originally assigned but, for reasons not apparent from the record, the case was reassigned to Judge McQuade who sent out a final pretrial notice on November 7, 1986. Two months later, the court, sua sponte, dismissed the case for lack of prosecution because there was no indication that plaintiff had obtained new counsel.
 
 
 2
 It is clear that during the period from November 3, 1986, when counsel was allowed to withdraw, and January 13, 1987, when the case was dismissed, that plaintiff had been trying to find new counsel.[1] In fact, coincidentally, on January 13, 1987, the day the case was dismissed, the plaintiff met with an attorney from Buffalo, New York, who agreed to review his file. It apparently took counsel from January 13, 1987, to March 3, 1987, to review the file and secure a current medical report on plaintiff's condition. On March 3, 1987, counsel, who by this time had been informed of the dismissal, agreed to represent Brown if the case could be restored to the court's docket. On March 17, 1987, plaintiff, through his new counsel, filed a "Motion to Reopen Case and Restore It to the Court's Trial Calendar." The trial court treated this motion as one filed under Fed.R.Civ.P. 60(b) and denied the motion in an order dated and filed March 31, 1987. On April 9, 1987, plaintiff filed a "Motion for Reconsideration." Plaintiff changed his approach in the reconsideration motion. Initially, in the motion to reopen, plaintiff had simply set forth his efforts to secure new trial counsel. In the reconsideration motion, plaintiff argued that the court cannot dismiss a case because a plaintiff has failed to get an attorney, since a litigant has a right to present his own case without counsel. Apparently, persistence paid off because, on September 8, 1987, the court vacated its earlier order of dismissal and ordered the case restored to the trial calendar. Interestingly, the order stated as its reasons, not the new grounds urged by plaintiff in his motion for reconsideration but, rather, that it was now convinced "that plaintiff made sufficient efforts to try to obtain another attorney within the period set by the court and [appears to have] ... a meritorious claim...." (App. at 39).
 
 
 3
 Conrail has now appealed the restoration of the case to the court's docket claiming that the court was without jurisdiction to consider the April 9, 1987, motion to reconsider. We disagree and affirm.
 
 I.
 
 4
 Since Conrail has made jurisdiction the issue, we first note that there is a serious question as to whether Conrail is properly before the court. Conrail admits that an order granting a motion for relief from judgment is interlocutory and not reviewable by an appeals court. Crowe v. Ragnar Benson, Inc., 307 F.2d 73 (3d Cir.), cert. denied, 371 U.S. 940 (1962). Conrail argues, however, that if the court had no jurisdiction to grant the motion for relief from judgment, then an appeal will lie.[2] Jones & Guerrero Co. v. Sealift Pacific, 650 F.2d 1072 (9th Cir.1981). Therefore, as the court stated in Jones: "We must therefore dismiss [the] appeal from the district court's order ... unless the district court acted without jurisdiction." Id. at 1074.
 
 
 5
 Conrail contends that the court acted without jurisdiction since the original order of dismissal was appealable and Rule 60(b) cannot be used as a substitute for appeal. Ackermann v. United States, 340 U.S. 193 (1950). Although this proposition is true, it is not a blanket restriction on the use of Rule 60(b) since the proposition advanced by Conrail, carried to its logical conclusion, would emasculate Rule 60(b).[3] It is true that this court has required that Rule 60(b)(1) motions seeking to reopen a judgment to correct legal error committed by the trial court must be brought within the time for appeal of the judgment. Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451-52 (6th Cir.1985). Here, however, plaintiff's Rule 60(b)(1) motion was not brought to correct any asserted "mistake" made by Judge McQuade. Rather, the motion was brought in an effort to garner relief from plaintiff's "excusable neglect" in failing to obtain a lawyer before his case was dismissed, as well as his "inadvertence" in failing to inform the court of his difficulties in finding new counsel. The rule in Pierce does not apply to Rule 60(b)(1) motions brought on these grounds. We have in fact noted in dicta that a Rule 60(b)(1) motion based upon the movant's excusable neglect may be brought within a reasonable time not exceeding the one-year limitation explicitly set forth in the rule itself. Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332-33 (6th Cir.1985).
 
 
 6
 We conclude that Judge McQuade properly exercised his discretion under the circumstances presented here. The original order allowing counsel to withdraw which "granted" plaintiff thirty days to secure new counsel did not address the failure of plaintiff to do so. Additionally, the case was transferred to a new judge right after the withdrawal order was entered. Conrail never complained of lack of prosecution or filed any Fed.R.Civ.P. 41(b) motions. It was the court, sua sponte, that dismissed the case--a case in which the new trial judge had had no official contact with the parties. The dismissal, as it turned out, was hasty and Judge McQuade wisely reconsidered and reinstated the case to his docket. Conrail then or now has never claimed to be prejudiced thereby.
 
 
 7
 Plaintiff clearly demonstrated excusable neglect in connection with his efforts to find a new attorney. It makes good sense and is clearly in the interest of judicial economy to have the party who was dismissed sua sponte to first plead his cause in the forum that dismissed him. This is not a case where the plaintiff is trying to use Rule 60(b) as a substitute for an appeal but, rather, one that falls within the type of errors that Rule 60(b) wisely gives the trial court the first crack at correcting.[4]
 
 
 8
 Since we find that the district court did have jurisdiction to grant a Rule 60(b) motion vacating its previous order of dismissal, we further find that any appeal from such an order is interlocutory and not properly before us. Accordingly, the appeal of Conrail is dismissed and the action of the district court is AFFIRMED.
 
 
 
 *
 Honorable Douglas W. Hillman, Chief Judge, United States District Court, Western District of Michigan, sitting by designation
 
 
 [1]
 It is not unusual for plaintiffs in FELA cases to rely on their union to "steer" them to a FELA "specialist" who frequently practices in a state different from that in which a plaintiff lives. Such was the case here, and the long distance communications explain part of the delay and difficulty in securing new counsel
 
 
 [2]
 Conrail is actually appealing from the granting of the motion for reconsideration. It argues that there is no jurisdiction to reconsider an earlier void order. In any event, what is really at issue is the jurisdiction of the court to grant, under Rule 60(b), relief from the earlier order of dismissal
 
 
 [3]
 Fed.R.Civ.P. 60(b) states:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., Sec. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
 
 
 [4]
 See also Daly v. Stratton, 304 F.2d 666 (7th Cir.), cert. denied, 371 U.S. 934 (1962) (the one-year rule of Rule 60(b) applies rather than the ten days of Rule 59(e) in a case where one seeks to set aside an order of dismissal based upon a failure to prosecute)