The parties were involved in an automobile accident in April 1991.
On September 18, 1991, Evans filed a complaint in the District Court of Jefferson County against Sharp.
On October 11, 1991, Sharp and his insurance company filed a complaint against Evans in the Circuit Court of Jefferson County. Evans filed his answer to the complaint on October 29, 1991.
On November 5, 1991, the district court entered a default judgment against Sharp for his failure to answer or respond to the complaint filed in the district court in the amount of $4,250 as damages. On March 17, 1992, Sharp filed a Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside the default judgment in the district court. Following a hearing, the district court denied the motion on April 20, 1992.
On April 28, 1992, Sharp filed a "Petition for Writ of Mandamus and to Consolidate" in the Circuit Court of Jefferson County. Sharp alleged in the petition that the district court's default judgment should be set aside based on excusable neglect. He further asserted that he had a meritorious defense which would warrant a disposition by trial. Following a hearing, in which Evans was not present or represented, the *Page 1040 
circuit court granted the petition and ordered the district court to set aside the default judgment and to set the case for trial on its merits.
Evans filed a motion for reconsideration in the circuit court. Following a hearing, the motion was denied. Evans appeals.
Evans asserts that the circuit court erred in issuing the writ of mandamus to the district court. He contends that the proper method to review the district court's denial of the Rule 60(b) motion was by way of appeal. He insists that Sharp's failure to properly appeal the denial was fatal to his request for relief.
We agree with Evans that appeal is the proper mode to utilize when attacking the validity of a denial of a Rule 60(b) motion.Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App. 1981). However, we are also cognizant of the well-established principle that a motion should be construed as it is written rather than by the designation assigned it. Wilson v. Leck's 66 Service Station,513 So.2d 620 (Ala.Civ.App. 1987). Although styled a "Petition for Mandamus", Sharp's petition to the circuit court was in essence an appeal of the district court's denial of his Rule 60(b) motion. Sharp's petition was filed well within the time for appealing the denial of a Rule 60(b) motion, and it was properly filed in the circuit court. Terry.
The appeal to the circuit court was from the district court's denial of the Rule 60(b) motion. Such an appeal is for trial de novo. Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App. 1982). In other words, the de novo appeal is as if the district court's judgment denying the Rule 60(b) motion had never been entered. The circuit court views the petition and its supporting material on their merits as to whether relief should be granted under Rule 60(b). Walker.
The decision to relieve a party from a judgment under Rule 60(b) is largely discretionary, especially where a party seeks to have a default judgment set aside. Fountain v. PermatileConcrete Products Co., 582 So.2d 1069 (Ala. 1991). Rule 60(b) has been liberally applied in the setting aside of default judgments so that there might be a trial on the merits.Sullivan v. Speedway Oil Co., 352 So.2d 1383
(Ala.Civ.App. 1977). In this case, however, we do not consider whether the circuit court abused its discretion in granting the Rule 60(b) motion. We dismiss the appeal ex mero motu, because an order granting a motion under Rule 60(b) and ordering a new trial is interlocutory and not appealable. Havel v. Dawkins,412 So.2d 800 (Ala.Civ.App. 1982); Fisher v. Bush,377 So.2d 968 (Ala. 1979); Sullivan.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.