This appeal arises from a pro se complaint originally filed by Benjamin Larkin and Sharon Easton in the Montgomery District Court naming as defendants American Western Insurance Company ("AWIC") and three other business entities[1] and seeking an award of $10,000 based upon an alleged breach of an insurance contract between the plaintiffs and AWIC. Although none of the defendants are shown as having been served, an attorney appearing on behalf of AWIC and "GULFinance" filed a motion to dismiss, after which the district court scheduled the case for a March 6, 2006, bench trial.
Although Rule 15(a), Ala. R. Civ. P., as made applicable to district courts via Rule 15(dc), requires a party to obtain leave of court to amend a pleading less than 42 days before a trial setting, the plaintiffs filed an "emergency" motion on March 3, 2006, three days before trial, in which they alleged that they had "recently received a complete total" of their claim for damages and that those damages would exceed the district court's jurisdictional threshold (i.e., $10,000; see Ala. Code 1975, § 12-12-30); the plaintiffs therefore sought an order transferring the case to the Montgomery Circuit Court. At the beginning of the March 6, 2006, trial, at which Sharon Easton appeared and at which Benjamin Larkin did not appear, the district court denied the plaintiffs' motion as having been untimely filed. After the district court made that ruling, Easton left the courtroom and did not return; the district court *Page 837 
then entered a judgment dismissing the case for failure to prosecute. Under Rule 41(b), Ala. R. Civ. P., as made applicable to district courts under Rule 41(dc), that judgment of dismissal "operate[d] as an adjudication upon the merits" and was, in effect, a dismissal with prejudice because the district court, in its order, did not "otherwise specif[y]" the effect of its judgment.
On March 17, 2006, the plaintiffs filed two motions. One of the motions simply requested the district court to revisit its ruling on the motion in which they had requested transfer of the case to the circuit court. However, another motion, labeled "Motion for Relief/Rehearing from Final Decision," asserted that the plaintiffs had not failed to prosecute and that they believed the amount of their "oral claim" exceeded both their paper estimates and the district court's monetary jurisdiction; in that motion for "rehearing," the plaintiffs requested (1) that the district court transfer the case to the circuit court, (2) that the district court "correct it[s] records" to show that the "oral" claim exceeded its jurisdiction, and (3) that the district court "correct" the judgment to reflect that the plaintiffs' claim had been discussed at length in open court and that the judgment was actually drafted by counsel for AWIC. The district court did not expressly act on either of the plaintiffs' March 17, 2006, motions, but on March 23, 2006, the district court placed an entry on the case-action-summary sheet specifying that its judgment of dismissal was "without prejudice." As evidenced by a district-court filing stamp, on April 6, 2006, 14 days after the district court's amendment of its judgment, the plaintiffs filed a notice of appeal to the circuit court for a trial de novo; the plaintiffs also filed on that date an affidavit of substantial hardship requesting a waiver of prepayment of docket fees as to the appeal, which the district court granted on that date. However, on April 7, 2006, an entry was placed on the district-court case-action-summary sheet reflecting that the case had been appealed to and "received by" the Montgomery Circuit Court on that date.[2]
In the circuit court, counsel for AWIC filed a motion to dismiss the appeal; AWIC contended in that motion that neither motion filed by the plaintiffs in the district court on March 17, 2006, was a valid postjudgment motion that would extend the time for taking an appeal and that the plaintiffs had not filed their notice of appeal until April 7, 2006, which, AWIC argued, was too late to invoke the circuit court's appellate jurisdiction. The plaintiffs then requested the entry of a judgment against all defendants other than AWIC and filed a response in opposition to AWIC's motion to dismiss in which they averred that the district court had entered its judgment on March 6, 2006; that they had filed a proper postjudgment motion on March 17, 2006; that the district court had denied that motion and entered a judgment on March 23, 2006; and that they had appealed on April 6, 2006. On September 13, 2006, the circuit court entered a judgment dismissing the appeal as untimely. On October 6, 2006, less than 30 days after the entry of the circuit court's judgment dismissing the appeal, the plaintiffs filed a "motion for relief from that judgment averring that they had filed a timely appeal; the circuit court denied that motion on November 2, 2006. On December 13, 2006, 41 days later, the plaintiffs appealed from the circuit court's judgment. *Page 838 
The sole issue presented is whether the plaintiffs properly perfected their appeal to the circuit court from the district court's judgment. We answer in the affirmative.
As noted in Greer v. Greer, 516 So.2d 719
(Ala.Civ.App. 1987), one of the cases cited by the plaintiffs in their appellate brief, "[w]hen a posttrial motion has been filed pursuant to Rules 50, 52, 55 and 59 of the Alabama Rules of Civil Procedure (Ala. R. Civ. P.), the time for filing a notice of appeal" from a circuit court's judgment to anappellate court as specified in Rule 4(a)(3), Ala. R.App. P., "is tolled"; "[s]uch a post-trial motion . . . has to be filed within 30 days after the entry of final judgment for such motion to be considered timely filed" under Rules 50(b), 52(b), 55(c), 59(b), and 59(e), Ala. R. Civ. P. 516 So.2d at 720. However, the plaintiffs' appeal from the district court'sjudgment to the circuit court was governed neither by Rule 4(a)(3), Ala. R.App. P., nor by the 30-day time limit specified in the Rules of Civil Procedure cited in Greer.
Rather, in civil cases filed in district court in which an appeal lies to a circuit court, the rule is that "[a]ny party may appeal from a final judgment . . . by filing notice of appeal in the district court, within U days from the date of the judgment or the denial of a posttrial motion,whichever is later." Ala. Code 1975, § 12-12-70(a) (emphasis added). In addition, "post-trial motions" under Rules 52, 55, and 59, Ala. R. Civ. P., that are filed in district court must be filed within 14 days after the entry of judgment.See Rules 52(dc), 55(dc), and 59(dc), Ala. R. Civ. P.
In this case, the district court entered a final judgment dismissing the plaintiffs' case with prejudice on March 6, 2006. See Rules 41(b), 58(a), and 58(c), Ala. R. Civ. P., as made applicable in district courts via Rule 58(dc). The plaintiffs filed a motion for "relief or "rehearing" on March 17, 2006, that directly attacked the district court's judgment. By seeking additional findings and by asserting that the district court lacked jurisdiction to rule as it did, the motion in effect sought an order vacating the district court's judgment and entering a new judgment transferring the case to the circuit court — relief that is cognizable under Rules 52(b) and 59(e), Ala. R. Civ. P., as made applicable to district courts under Rules 52(dc) and 59(dc). See Crosslinv. Crosslin, 494 So.2d 431, 431-32 (Ala.Civ.App. 1986) (motion for "rehearing" deemed filed under Rule 59, Ala. R. Civ. P.); City of Birmingham v. City of Fairfield,396 So.2d 692, 696 (Ala. 1981) (motion "to reconsider" or "to rehear" deemed a Rule 59(e) motion when it "reargu[ed] . . . germane legal propositions"); see also Rule 41, Ala. R. Civ. P., Committee Comments on 1973 Adoption (noting that when a case had been dismissed pursuant to Rule 41, "[a] rehearing may be requested under Rule 59(a)(2) and amendments to the court's findings may be pursued under Rule 52(b)"). "[A] motion filed within the . . . limitation [period] of Rule 59(e), seeking relief from a judgment that is available under Rule 59(e), should be treated as a Rule 59(e) motion to alter, amend, or vacate the judgment" rather than as a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment. Exparte Johnson, 715 So.2d 783, 785 (Ala. 1998). We thus reject AWIC's position that the plaintiffs, instead of filing a "post-trial" motion that tolled the time for taking an appeal from the district court's judgment, filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., that did not toll the time for appeal.
Under Rule 59.1, Ala. R. Civ. P., as made applicable to district courts under Rule 59.1(dc), unless all parties consent or an appellate court grants an extension, "[n]o post-judgment motion filed pursuant *Page 839 
to Rules . . . 52, 55, or 59 shall remain pending" for over 14 days. It is unclear whether the district court, at the time it entered its March 23, 2006, order amending its judgment of dismissal to provide that the dismissal was without prejudice, intended its ruling to be construed as a denial of the plaintiffs' March 17, 2006, post-trial motion; however, even if it did not so intend, its failure to expressly grant that motion by March 31, 2006, would have amounted to a denial of that motion as of that date under Rule 59.1 and Rule 59.1(dc). The plaintiffs filed their notice of appeal in the district court on April 6, 2006, which was 14 days after the district court entered its March 23, 2006, order that would constitute the earlier of the two days upon which the post-trial motion could be said to have been denied. Thus, based upon the plain language of § 12-12-70(a), Ala. Code 1975, we must conclude that the circuit court erred in concluding that the plaintiffs' appeal was untimely.
We likewise reject AWIC's contention, in its brief on appeal, that the plaintiffs untimely invoked appellate jurisdiction as to their appeal from the circuit court. As Greer
notes, Rule 4(a)(3), Ala. R.App. P., provides for the tolling of the time for taking an appeal from a circuit court's judgment during the pendency of a motion pursuant to, among other rules, Rule 59(e), Ala. R. Civ. P. In their post-judgment motion in the circuit court, which was filed less than 30 days after the entry of the circuit court's judgment dismissing the appeal, the plaintiffs averred that they had timely appealed from the district court's judgment and that they were seeking relief from the circuit court's judgment based upon that fact. In so doing, the plaintiffs properly sought relief cognizable under Rule 59(e), Ala. R. Civ. P., as they had previously done in the district court in response to that court's judgment.See City of Birmingham and Ex parte Johnson,supra. The plaintiffs filed a notice of appeal within 42 days of the entry of the circuit court's order denying their post-judgment motion, and thereby timely invoked this court's appellate jurisdiction.
We conclude that the plaintiffs' appeal from the district court's judgment of dismissal to the circuit court was timely filed. The circuit court thus erred in dismissing the plaintiffs' appeal, and we hereby reverse that judgment and remand the case for further proceedings. In doing so, we note that the plaintiffs will be "limited in the amount of [their] recovery to the jurisdictional amount that could have been claimed and recovered in the [district] court," i.e., $10,000, unless a counterclaim exceeding the district court's jurisdictional threshold is asserted by a defendant.See Rule 13(j), Ala. R. Civ. P.
The plaintiffs have filed in this court a "Motion for [J]udgment and Make Whole Relief [sic]" in which a default judgment against the appellees is sought. That motion is denied.
REVERSED AND REMANDED.
All the judges concur.
[1] Those entities were identified as "GULFinance," "Jordan-Morgan, Inc.," and "The Frederick Agency."
[2] A subsequent motion to correct the case-action-summary sheet to expressly state that the notice of appeal had been filed on April 6, 2006, was never ruled upon.