4 So.3d 1136 (2008)
Salim S. DJIBRINE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and David K. Franz.
2070518.
Court of Civil Appeals of Alabama.
August 22, 2008.
*1137 Arthur Shores Lee, Birmingham, for appellant.
Rufus E. Elliott III, Birmingham, for appellees.
MOORE, Judge.
On March 31, 2006, State Farm Mutual Automobile Insurance Company and David K. Franz sued Salim S. Djibrine in the Jefferson District Court alleging that Djibrine had, as a result of negligence, allowed his automobile to collide with a vehicle being driven by Franz, causing damage to Franz's vehicle; Franz sought an unspecified amount of damages from Djibrine. On February 6, 2007, the district court entered a default judgment against Djibrine.
On September 20, 2007, Djibrine filed in the district court a motion, pursuant to Rule 60(b), Ala. R. Civ. P., seeking to set aside the default judgment. Following a hearing on September 24, 2007, the district court entered an order on September 25, 2007, denying the motion seeking to set aside the default judgment. That same day, Djibrine filed a motion to alter or amend the district court's September order; the district court entered an order on October 1, 2007, stating that, "[p]ursuant to In re Keith, 771 So.2d 1018 (Ala.1998), this Court does not have jurisdiction to reconsider an order denying a Rule 60(b) Motion to set aside a judgment. Accordingly, no action is taken on the Motion to Reconsider, and the order dated September [25], 2007, shall remain in full force and effect." Djibrine subsequently timely appealed the district court's denial of his Rule 60(b) motion to the circuit court on October 5, 2007.
On October 24, 2007, State Farm and Franz filed a motion to dismiss Djibrine's appeal based on the following grounds:
"1. A judgment was entered in favor of [State Farm and Franz] and against [Djibrine] on January 5, 2007,[[1]] in the District Court of Jefferson County, Alabama . . .;
"2. [Djibrine] filed a Notice of Appeal October 5, 2007, to appeal the judgment which was entered January 5, 2007, to the [Circuit] Court;
"3. Pursuant to Sec 12-12-70, Code of Alabama (1975), an appeal must be taken within fourteen (14) days from the date of the judgment."
On November 6, 2007, Djibrine filed a response to the motion to dismiss in which he averred, among other things, that a final judgment had been entered by the district court on September 25, 2007, that he had filed his notice of appeal 10 days later on October 5, 2007, and that his appeal had been timely filed. He attached to his response a copy of the district court's September 25, 2007, order denying his Rule 60(b) motion and the notice of appeal filed in the district court. The circuit court entered an order on the case-action-summary sheet on November 27, 2007, granting the motion to dismiss; that order stated, in pertinent part:

*1138 "This matter came on for hearing on [State Farm and Franz's] Motion to Dismiss the appeal of the Judgment of the District Court by . . . Djibrine in the above styled action.
"Said motion is well taken and, for good cause shown, hereby granted."
On December 6, 2007, Djibrine filed a motion to alter or amend the circuit court's November 27 order; the circuit court denied that motion on January 4, 2008. Djibrine filed his notice of appeal to this court on February 8, 2008.
On appeal, Djibrine argues that his appeal from the district court to the circuit court was timely filed and, thus, that his appeal should not have been dismissed.
The basis of State Farm and Franz's motion to dismiss was that Djibrine was appealing the district court's February 6, 2007, default judgment and that the notice of appeal filed on October 5, 2007, was not filed within 14 days of the entry of the February 6, 2007, judgment. However, the notice of appeal filed by Djibrine in the district court indicated that the date of the judgment or order being appealed was "09/25/07." Djibrine was not, as was asserted in the motion to dismiss, appealing the February 6, 2007, default judgment; rather, he was appealing the district court's September 25, 2007, denial of his Rule 60(b) motion. In civil cases filed in the district court in which an appeal lies to a circuit court, the rule is that "[a]ny party may appeal from a final judgment . . . by filing notice of appeal in the district court, within 14 days from the date of the judgment. . . ." Ala.Code 1975, § 12-12-70(a). See also Larkin v. American Western Ins. Co., 979 So.2d 835, 838-39 (Ala.Civ.App. 2007). Thus, we conclude that the notice of appeal filed in the district court on October 5, 2007, was filed within 14 days of the district court's September 25, 2007, order and that the circuit court therefore erred in granting State Farm and Franz's motion to dismiss. We therefore reverse the circuit court's judgment and remand the cause for the circuit court to consider whether Djibrine's Rule 60(b) motion should be granted.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur in the reversal. Numerous Alabama appellate opinions demonstrate that a party in Djibrine's position can properly seek de novo review in the appropriate circuit court by appeal from an order of a district court denying relief under Rule 60(b), Ala. R. Civ. P. Food World v. Carey, 980 So.2d 404 (Ala.Civ.App.2007); Evans v. Sharp, 617 So.2d 1039 (Ala.Civ. App.1993); Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App.1982); Neal v. Wilson Lumber Co., 410 So.2d 404 (Ala.Civ.App. 1981); and Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App.1981). Such an appeal is to proceed "as if the district court's judgment denying the Rule 60(b) motion had never been entered," i.e., "[t]he circuit court views the [motion] and its supporting material on their merits as to whether relief should be granted under Rule 60(b)." Evans, 617 So.2d at 1040.
NOTES
[1] The district court's judgment was rendered on January 5, 2007; however, it was not entered until February 6, 2007. See Rule 58(c), Ala. R. Civ. P.