Rel: August 16, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2024-0107

_____

## Michael Glenn

## v.

## City of Wetumpka

### Appeal from Elmore Circuit Court
### (CV-23-82)

MOORE, Presiding Judge.

Michael Glenn appeals from a judgment entered by the Elmore Circuit Court ("the circuit court") dismissing his appeal of a judgment entered by the Elmore District Court ("the district court") denying his motion to set aside a default judgment. We reverse the circuit court's judgment and remand the case with instructions.

## Procedural History

On May 9, 2023, the City of Wetumpka ("the city") filed in the district court a complaint against Glenn asserting a claim of unlawful detainer; the city also sought an award of money damages in the amount of $20,000. On June 15, 2023, the city filed an application and affidavit for the entry of a default judgment. On June 27, 2023, the district court entered a default judgment that, among other things, issued a writ of possession in favor of the city; granted the city leave to prove damages; and certified the judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.

On July 24, 2023, Glenn filed in the district court a motion to set aside the default judgment, arguing, among other things, that he had not been served with the summons and the complaint. In response to Glenn's motion, the city argued that, pursuant to Rule 55(dc)(2), Ala. R. Civ. P., Glenn's motion to set aside the default judgment was untimely because it had been filed outside the 14-day period prescribed by law. On August 8, 2023, the district court entered an order denying Glenn's postjudgment motion.

On August 21, 2023, Glenn appealed the district court's "[d]enial of [his] postjudgment motion" to the circuit court. Thereafter, on August 31, 2023, the city filed in the circuit court a motion to dismiss Glenn's appeal for lack of subject-matter jurisdiction. In its motion, the city argued that, under Ala. Code 1975, § 6-6-350, a notice of appeal to the circuit court from a judgment entered by a district court in an unlawful-detainer action must be filed within seven days of the entry of the order being appealed from and that Glenn's notice of appeal, filed on August 21, 2023, seeking appellate review of the district court's August 8, 2023, order was untimely filed and was due to be dismissed. That same day, the circuit court entered an order granting the city's motion and dismissing Glenn's appeal.

On September 29, 2023, Glenn filed a motion requesting that the circuit court reconsider the dismissal of his appeal. He asserted, among other things, that he was seeking appellate review of the "denial of his Rule 60[, Ala. R. Civ. P.,] postjudgment motion, [and] not the order of possession," and, therefore, he said, pursuant to Ala. Code 1975, § 12-12-70, he had 14 days from the entry of the August 21, 2023, order within

3

which to file his notice of appeal from the denial of his postjudgment motion. In his motion, Glenn conceded that, if he had sought appellate review of the judgment awarding the city possession, his time for appeal would have been limited to seven days. In its response to Glenn's motion to reconsider, the city argued that § 12-12-70, which allows 14 days to appeal a ruling from district court to circuit court, is one of "general application" and that it "does not apply to unlawful detainer actions." According to the city, unlawful-detainer actions are governed by Ala. Code 1975, § 6-6-350, which requires a notice of appeal to be filed within seven days "despite what judgment the appeal is taken from." The circuit court failed to make a ruling on Glenn's motion to reconsider; therefore, it was deemed denied by operation of law on December 28, 2023. See Rule 59.1, Ala. R. Civ. P. On February 6, 2024, Glenn timely appealed to this court.

Glenn's Postjudgment Motion

In his brief to this court, Glenn posits, as he did before the circuit court, that his motion to set aside in the district court was a motion filed pursuant to Rule 60(b), Ala. R. Civ. P., and, therefore, § 12-12-70 provided

4

a period of 14 days to appeal the denial of his motion. The city disputes Glenn's assertion that his motion was a Rule 60(b) motion and, instead, argues that Glenn's motion was a motion to set aside the default judgment pursuant to Rule 55; thus, the city argues Glenn's motion was untimely filed.

It is well settled that this court looks to the essence of a motion and not to its title to determine how the motion is to be considered under the Alabama Rules of Civil Procedure. Ex parte Johnson, 715 So. 2d 783, 785-86 (Ala. 1998). A lack of service of process is a ground upon which a party may collaterally attack a judgment under Rule 60(b)(4). See Allsopp v. Bolding, 86 So. 3d 952, 956 (Ala. 2011). Thus, we consider Glenn's motion to vacate filed in the district court, in which he argued, among other things, that he had not been served with the summons and complaint, to be a Rule 60(b)(4) motion collaterally attacking the default judgment.

## Standard of Review

"'The timely filing of a notice of appeal is a jurisdictional act.' Rudd v. Rudd, 467 So. 2d 964, 965 (Ala. Civ. App. 1985); see also Committee Comments to Rule 3, Ala. R. App. P. The question whether the mother's appeal was

5

> timely and, thus, whether the circuit court acquired subject-matter jurisdiction over the mother's appeal is a question of law; thus, we review de novo the dismissal of the mother's appeal by the circuit court. See Banks v. Estate of Woodall, 129 So. 3d 294 (Ala. Civ. App. 2013); see also Ex parte Terry, 957 So. 2d 455 (Ala. 2006) (stating that a claim that a court lacks subject-matter jurisdiction presents a question of law, which an appellate court reviews de novo)."

M.E.W. v. J.W., 142 So. 3d 1168, 1171 (Ala. Civ. App. 2013).

### Discussion

On appeal, Glenn argues that the circuit court erred by dismissing as untimely filed his appeal of the district court's judgment denying his Rule 60(b)(4) motion. We agree.

The default judgment, which awarded the city possession of the property at issue and allowed the city leave to prove money damages, was certified as final, pursuant to the Rule 54(b), Ala. R. Civ. P. See Penick v. Southpace Mgmt., Inc., 121 So. 3d 1015, 1020 (Ala. Civ. App. 2013) (noting that, in unlawful-detainer actions, certification pursuant to Rule 54(b) of an order in which a trial court has granted a landlord possession of property, but has reserved judgment as to the amount of unpaid rent or damages, is not an uncommon practice). The denial of a Rule 60(b) motion seeking relief from a final judgment is, under Alabama law,

itself a final judgment that will independently support an appeal. See Food World v. Carey, 980 So. 2d 404, 406 (Ala. Civ. App. 2007) (noting that such an order is final and appealable and brings up for review "'"the matters pertinent thereto"'" although it does not bring up for review the underlying judgment on the merits (quoting Wilger v. Department of Pensions & Sec., 343 So. 2d 529, 532 (Ala. Civ. App. 1977)). This court has held that § 12-12-70, which allows a period of 14 days to appeal a judgment entered by the district court to the circuit court, applies to a district-court order denying a Rule 60(b) motion. See Djibrine v. State Farm Mut. Auto. Ins. Co., 4 So. 3d 1136, 1138 (Ala. Civ. App. 2008). Thus, we conclude that Glenn had 14 days from the entry of the district court's order denying his Rule 60(b)(4) motion within which to file his notice of appeal to the circuit court. To the extent that the city argues that any appeal taken in an unlawful-detainer action must be filed within seven days of the entry of the order or judgment from which the appeal is being taken, we note that the cases and statutes that the city relies upon in support of its argument address the issue of appealing the underlying unlawful-detainer judgment on its merits and not, as in

7

the current case, the denial of a Rule 60(b) motion collaterally attacking that judgment. See Food World, 980 So. 2d at 406.

Based on the foregoing, we conclude that Glenn's August 21, 2023, notice of appeal to the circuit court was filed within 14 days of the entry of the district court's August 8, 2023, order denying his Rule 60(b)(4) motion and was therefore timely filed. Accordingly, the circuit court erred in dismissing Glenn's appeal from the district court. We therefore reverse the circuit court's judgment dismissing Glenn's appeal from the district court's order denying his Rule 60(b)(4) motion, and we remand the cause for further proceedings. See Djibrine, 4 So. 3d at 1138.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.