This is an appeal from the trial court's order taxing the costs of a proceeding against the appellant, the City of Jasper (City). We reverse.
The pertinent facts giving rise to the instant appeal are as follows:
The appellee, Richard Schultz, was a policeman with City. In 1978, the appellee was discharged, and he appealed to City's civil service board. After a hearing, the civil service board upheld the discharge.
The appellee then appealed to the circuit court. The circuit court ordered the civil service board to file a transcript and record of all proceedings, findings and orders entered in the case. On April 22, 1981, after the record had been filed, the trial court entered an order affirming the decision of the civil service board. In this April 22 order, the trial court ruled that the costs incurred by the civil service board should be paid by City.
On April 28, 1981, the trial court amended its order, and determined that the costs incurred in the action should be taxed against the appellee. The clerk of the circuit court issued an execution for the cost of the record and transcript, a total of $438.60. A levy was made on the appellee on September 1, 1981.
On September 2, 1981, the trial court entered a new order, stating that costs had been taxed against the appellee, Schultz, through mistake, inadvertence, and excusable neglect. Therefore, the trial court ordered the April 28 order be set aside, and reinstated the April 22 order taxing costs against City. The money collected from the appellee pursuant to the April 28 order was to be refunded.
City appeals from the order of September 2, contending the trial court was without jurisdiction to enter the order. We agree and reverse and remand.
Appellee's motion requesting the trial court to set aside the April 28 order is not in the record before us. The record does contain, however, an affidavit from the trial judge which was apparently prepared for the purpose of the instant appeal. In this affidavit, the trial judge states that the appellee, appearing pro se, came before the trial judge in open court on September 2 and orally requested that the order of April 28 be set aside on the grounds of mistake, inadvertence and excusable neglect.
City correctly contends that this September 2 motion was not timely. In City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981), our supreme court held that the proper motion requesting the trial court *Page 819 
to reconsider the taxing of costs is a rule 59 (e), ARCP, motion. In that decision, our distinguished chief justice, writing for a unanimous court, held that a rule 60 (b), ARCP, motion was not a proper procedural device by which to seek a reconsideration of the issue of taxing costs.
Appellee's motion of September 2, then, was merely a rule 59 (e) motion. A motion made pursuant to 59 (e) must be filed and served within thirty days of the final judgment. City ofTalladega v. McRae, 375 So.2d 429 (Ala. 1979). The appellee did not file his motion requesting the April 28 order be set aside within thirty days as required by rule 59 (e). Even assuming, arguendo, that the September 2 motion could be a rule 60 (b)(1) motion, we note that the motion would still be time barred since it was not made within four months of the April 28 order.Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala. 1981). Consequently, the appellee's motion of September 2 was not timely, and the trial court was without jurisdiction to enter an order setting aside the April 28 order.
This case is due to be reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.