EDWARD N. SCRUGGS, Retired Circuit Judge.
This case concerns a successful postdi-vorce effort by the wife to require the husband to reimburse her for the payment of certain debts which the husband was required to make by virtue of their divorce proceedings. The trial court rendered a monetary judgment for the wife. The husband appealed. We affirm.
The case was originally scheduled for trial on July 28, 1981, but, for reasons undisclosed by the record, was not tried until October 15, 1981. Just prior to the commencement of the nonjury trial, the husband’s attorney sought a continuance by utilizing a written motion to which was attached the brief printed disability certificate of a South Carolina physician which was dated October 12, 1981. That certificate stated that the husband was under the professional care of the doctor “10/12/81 to _inclusive, and was totally incapacitated during this time.” It further certified that the patient had recovered sufficiently to be able to return to regular work duties on October 19, 1981. The trial court overruled that continuance motion stating that if the husband, at a later time, could show to the court what his circumstances were as of the trial date, the court would consider it. No posttrial motion pertaining to the husband’s health as of October 15, 1981 was filed.
The unsworn certificate of the doctor was very general in nature. It does not appear *1029 therefrom as to whether the husband was ill or whether he was injured, or the nature or extent thereof, or that the husband was not physically able to attend the trial on October 15, 1981.
Trial delays are not favored and the granting or refusal of a continuance is within the judicial discretion of the trial court, whose ruling in that respect will not be upset on appeal except where a clear and palpable abuse of discretion appears in the record. Marshall v. Howze, 387 So.2d 808 (Ala.1980); Perdue v. Mitchell, 373 So.2d 650 (Ala.1979); Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App.1980). Here, the trial court did not obviously and palpably abuse its discretion in failing to grant a continuance under the circumstances.
Over the husband’s attorney’s objection, which was predicated upon the best evidence rule, the wife was allowed to testify that she had paid certain debts which the husband was due to pay under the terms of the divorce agreement of the parties and as was provided by the divorce judgment which approved the agreement.
The transcript discloses that the records of a bank as to the largest alleged indebtedness were introduced into evidence and that the husband’s attorney had the opportunity to examine many minor original bills from various open account creditors. The best evidence rule had no application to any of these matters.
As to the mortgage indebtedness to Associates Financial Services, the wife had the means of knowing from her own participation therein as to whether she made certain payments, together with the amounts thereof and the dates that they were so paid. She had firsthand knowledge of such matters. It was correct to allow her to so testify. The husband’s objection that the creditor’s records constituted the best evidence of such payments was properly overruled.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.