PER CURIAM.
This is a case involving the taxing of “court” costs.
The appellee was discharged from his duties as a policeman for the City of Jasper in 1978. The appellee then appealed that decision to the city’s civil service board. After a hearing the board upheld the discharge. The appellee appealed to the circuit court.
In April, 1981, the trial court affirmed the decision of the civil service board and taxed the costs of the proceedings to the city.
Thereafter, on April 28, 1981, the trial court amended its order and taxed the costs to appellee. The clerk of the circuit court issued an execution for the cost of the record and transcript, a total of apparently the sum of $438.60.
On September 2, 1981, the trial court upon appellee’s motion entered a new order setting aside the April 28 order and reinstating the April 22 order taxing costs against the city. Additionally, the money collected pursuant to a levy made in connection with the April 28 order was to be refunded to the appellee.
The city appealed to this court from the trial court’s September 2 order. This court in City of Jasper Civil Service Board v. Schultz, 412 So.2d 818 (Ala.Civ.App.1982), ruled that the trial court was without jurisdiction to enter the September 2 order.
In so ruling, we based our decision on the determination that appellee’s oral motion of September 2 was not timely. We pointed out in City of Jasper v. Schultz, supra, that our supreme court has held that the proper motion requesting the trial court to reconsider the taxing of costs is a rule 59(e), A.R.Civ.P., motion.
A motion made pursuant to rule 59(e) must be filed and served within thirty days of the final judgment. City of Jasper v. Schultz, supra. That was' not done and therefore the trial court was without jurisdiction to enter an order as it did.
Consequently, this court reversed and remanded the case to the trial court with the instructions to enter an order not inconsistent with the opinion.
Upon reviewing the case on remand, the learned trial judge altered the costs by deleting part of the total sum. In its order the trial court declared that the cost of transcribing the testimony and providing a transcript, which had been part of the costs originally, was the responsibility of the city. This action is to this court not in accordance with our opinion in City of Jasper v. Schultz, supra, nor the law of the State of Alabama as stated in City of Jasper v. Schultz.
The trial court’s latest action is without authority just as and for the same reasons as was its action in retaxing costs against the city on September 2, 1981.
Nothing has occurred that would confer upon the trial court the authority to alter the order on remand. The trial court has no other alternative than to enter judgment as it originally did on April 28, 1981.
The trial court in its latest order relies upon Act 113, § 16, Acts of Alabama, 1965 Special Session. Suffice it to say that § 16 of Act 113 does not, under the instant facts, support the trial court’s action.
This case is due to be reversed and remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.