This is an interstate child custody case.
Hauns M. Allen was born out of wedlock to Barbara Holmes and Arbra Allen, Jr., in Hutchinson, Kansas. The child continued to live there until Holmes moved away with her present husband, John Holmes, taking Hauns and her other illegitimate child by Allen with her.
After living in several states, the family began residing in Ft. Rucker, Alabama.
On October 9, 1982, Allen petitioned for custody in the District Court of Reno, Kansas, but made no attempt to serve Holmes.
On November 9, 1982, Allen abducted Hauns from Ft. Rucker Elementary School, taking him back to Kansas. That same day, Holmes petitioned for and received temporary custody in the Circuit Court of Dale County, Alabama. The court ordered return of the child.
On February 4, 1983, the Alabama court heard and denied Allen's motion to dismiss and granted permanent custody to Holmes, again ordering the child's return.
On April 7, 1983, after denial of Allen's motion for a continuance, the Alabama court found Allen in contempt for failing to comply with its November 9th and February 4th orders. The court also assessed *Page 168 
Allen with Holmes' attorney's fees of $2,000.
Allen's April 20, 1983 motion for rehearing on the contempt decree was denied. He appeals from the November 9th, February 4th and April 7th orders and from the denial of a continuance on April 5, asserting that the trial court erred by: (1) granting Holmes custody in violation of the Uniform Child Custody Jurisdiction Act (UCCJA); (2) denying Allen's motion for a continuance; and by (3) denying Allen's motion for rehearing. He also asserts that the amount of attorney's fees was unreasonable.
A review of the record reveals that Allen's notice of appeal, filed on May 12, 1983, was not timely in regard to the November 9th and February 4th orders.
Timely filing of an appeal is jurisdictional. Spina v.Causey, 403 So.2d 199 (Ala. 1981). If not timely filed, this court has no jurisdiction. Gamble v. First Alabama Bank,404 So.2d 688 (Ala.Civ.App. 1981). The Alabama Rules of Appellate Procedure (ARAP), require the filing of notice of appeal from a final judgment within forty-two days from the date the judgment is entered. Rule 4 (a)(1), A.R.A.P. Spina, supra at 201.
Post trial motions may suspend the time for taking an appeal. However, such motions must be timely filed within thirty days from entry of the judgment. Rule 4 (a)(3), A.R.A.P. Freer v.Potter, 413 So.2d 1079 (Ala. 1982). Allen's motion for rehearing was not timely as to the judgments of November 9, 1982 and February 4, 1983. His failure to appeal within forty-two days from either of these judgments is fatal and requires dismissal of the appeal ex mero motu. Stewart v.Younger, 375 So.2d 428 (Ala. 1979).
We do not consider the contempt decree, since it was not brought here by petition for writ of certiorari, Foster v.Foster, 409 So.2d 833 (Ala.Civ.App. 1981), nor addressed in Allen's brief. Boshell v. Keith, 418 So.2d 89 (Ala. 1982).
The order denying the motion for continuance is not a judgment which, standing alone, will support an appeal. §12-22-2, Code of Alabama 1975. Such orders meet none of the requirements of finality. They neither ascertain nor declare rights embracing the substantial merits of the controversy nor do they litigate material or necessary issues involved in the litigation. Morton v. Chrysler Motors Corp., 353 So.2d 505
(Ala. 1977). Further, the ruling on a motion for a continuance is within the discretion of the court. Trial delays are not favored. We perceive no abuse of discretion in this instance.Pody v. Pody, 416 So.2d 1028 (Ala.Civ.App. 1982).
Similarly, rulings on motions for rehearing are discretionary, Rayford v. Rayford, 390 So.2d 636 (Ala.Civ.App. 1980), as are determinations of attorney's fees. Nolen v.Nolen, 398 So.2d 712 (Ala.Civ.App. 1981). Neither will be reversed absent clear abuse. Hill v. Cherry, 379 So.2d 590
(Ala. 1980); Nolen, supra at 714. We find no abuse of discretion.
Finding no error, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.