453 So.2d 1066 (1984)
Ex parte Perry O. HOOPER.
Re Ex parte State of Alabama.
In re STATE of Alabama
v.
Michael Edward WATERS.
82-675.
Supreme Court of Alabama.
May 11, 1984.
George W. Cameron, Montgomery, for petitioner.
*1067 Charles A. Graddick, Atty. Gen. and Joseph G.L. Marston, III, Asst. Atty. Gen., and James H. Evans, Dist. Atty., Frank H. Hawthorne, Jr., Deputy Dist. Atty., and H. Lewis Gillis, Asst. Dist. Atty., for respondent.
EMBRY, Justice.
Upon consideration of the petition, brief of petitioner, and the State's brief in opposition thereto, the judgment of the Court of Criminal Appeals, 453 So.2d 1066, granting the State of Alabama's petition for mandamus is reversed and this cause is remanded for an order consistent herewith.
Mandamus will not lie to compel the trial court's exercise of discretion in a particular manner, nor to review the lower court's proceedings for error, nor as a substitute for appeal. State v. Cannon, 369 So.2d 32 (Ala.1978).
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
In view of the fact that the respondent, Perry O. Hooper, trial judge, filed a motion under Rule 39(k), Ala.R.App.P., in which he stated that "the new trial was granted on grounds other than insufficiency of the evidence," I agree that the Court of Criminal Appeals erred in granting the state's petition for mandamus. The circumstances of this case are unlike those presented in Ex parte Nice, 407 So.2d 874 (Ala.1981).