WRIGHT, Presiding Judge.
The original opinion was recalled and this matter resubmitted to the court after it became known that the court had erred in its consideration of appellee’s motion to dismiss the appeal. It is therefore the judgment of the court that its original opinion be and hereby is withdrawn and the following be substituted in place of it.
This is an action to modify a prior divorce decree entered January 27, 1982. On July 19, 1984, the wife filed a petition for an order requiring the husband to pay educational expenses for a minor child. On *464 July 31 the husband answered the petition and counterclaimed to modify his alimony payments. The wife subsequently dismissed her own petition and also moved to dismiss the husband’s counterclaim for failure to state a claim upon which relief could be granted.
The ground for the motion to dismiss was that the agreement between the parties, which was subsequently incorporated into the divorce decree, was an “integrated bargain” and unmodifiable as a matter of law.
The motion was set for hearing.
After submission of written briefs and oral argument and review by the court of the written agreement of the parties entered into in January 1982, the court entered a detailed judgment.[1] The essence of that judgment was that the agreement constituted a clear integrated bargain which was not subject to modification by the court. The motion to dismiss was granted on October 17, 1984.
On October 25, 1984, the husband filed an amendment to the counterclaim, alleging that there were pre-agreement negotiations which would indicate that an “integrated bargain” was not intended by the parties, and that evidence of such negotiations should be allowed to show such intent. The wife filed a motion to dismiss the amended counterclaim which averred that the amendment was no substantial change from the matter previously heard and rejected. On November 8, 1984, the court dismissed the amendment to the counterclaim, stating that the order of October 17, 1984 was final.
On November 19,1984, the husband filed a Rule 59(e) motion to alter, amend or vacate the judgment of October 17, 1984. That motion was denied by the court on November 21, 1984. Notice of appeal to this court from the judgment of October 17, 1984, was filed by the husband on December 28, 1984.
Motion to dismiss the appeal on the ground that it was untimely was filed by the wife.on March 21, 1985. Answer was filed on March 29, 1985. This court withheld ruling on the motion until final submission.
We have calculated the days from the dismissal order of October 17, 1984 to the filing of the A.R.Civ.P. Rule 59(e) motion to alter or amend on November 19, 1984, and find them to be thirty-three (33). Thus the motion was untimely under 59(e) and did not toll the running of the time for appeal under Rule 4(a)(3), A.R.A.P. City of Jasper Civil Service Board v. Schultz, 412 So.2d 818 (Ala.Civ.App.1982). The notice of appeal filed on December 28, 1984, was filed more than forty-two (42) days after the entry of the judgment appealed from. The appeal was therefore untimely, and this court is without jurisdiction to consider it. Rule 2, A.R.A.P. Allen v. Holmes, 439 So.2d 166 (Ala.Civ.App.1983).
Husband insists that the designation in the notice of appeal of the judgment of October 17, 1984, could be considered by this court as a clerical error and we should consider the judgment of November 8,1984 as the one for appeal. He contends there is authority for such a determination in Rule 3(c) A.R.A.P. and in the case of Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977). It is unnecessary for us to consider these authorities, for it is evident that an appeal from the judgment of November 8, 1984 is also untimely. The time from November 8, 1984 to December 28, 1984, is more than forty-two (42) days.
Husband’s further proposition that we should consider the Rule 59(e) motion to also contain a clerical error in referring to the October 17 judgment, instead of the November 8 judgment, is untenable. That proposition clearly goes far beyond the purpose of Rule 3(c) and the import of Cock-rell v. World’s Finest Chocolate Co. To approve husband’s contention in this case would be to remove all requirement of compliance with Rule 3(c), A.R.A.P. and cause *465 great difficulty and confusion in determining timeliness of appeals and, thus, jurisdiction of the appellate court.
It is clear that the appeal is untimely and must be dismissed.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.

. We do not determine if the motion to dismiss was actually converted into a motion for summary judgment under Rule 12(b). The court continued to treat it as a motion to dismiss.