Mary Tedder filed an action against Gold Kist, Inc., alleging negligence and/or wantonness in the operation of a motor vehicle. Tedder's automobile was struck by an automobile driven by Danny Williams, who Tedder alleged was attempting to avoid a collision with Gold Kist's truck as the truck entered the highway from a dirt road. The claims were submitted to a jury, which returned a verdict for Gold Kist. Tedder filed a motion for a new trial, based on several grounds. On November 15, 1989, the trial court granted the motion on the ground that the jury may have been unlawfully influenced by an unadmitted exhibit that was left in the courtroom while the jury deliberated there. Gold Kist appealed from the trial court's order of a new trial. Tedder cross-appealed from the trial court's failure to base its grant of a new trial on the grounds that it had improperly instructed the jury and on a determination that the verdict was against the weight and preponderance of the evidence.
The accident that is the basis of this appeal occurred in October 1987. Tedder underwent a hip replacement in September 1988. It is undisputed that the ultimate cause of the hip replacement was vascular necrosis, a process that decreases the blood supply to the bone. As a defense, Gold Kist attempted to prove that Tedder had injured her hip in a previous automobile accident; that the vascular necrosis had begun to affect Tedder's hip before the *Page 1322 
accident that is the basis of this appeal; and that Tedder's alcoholism, which is undisputed, also contributed to the condition.
During the trial, counsel for Gold Kist constructed a chronology of medical events from the time of the first automobile accident to the time of the hip replacement operation. The list was on a large paper tablet and was placed on an easel in the courtroom. On appeal, Gold Kist states that counsel for Tedder also made notations on the list. In any event, the list was referred to during trial but was never offered or admitted into evidence; however, it was left within sight of the jury during its deliberations. The list was as follows:
 "5/31/87 [Previous] Accident "9/18/87 Hospital, hip collapse "10/26/87 [Accident], Hospital, no hip treatment "11/3/87-11/6/87 Huntsville, Dr. removed screw [from hip] "4/5/88 [Hospital,] beer [and] whiskey [history for] 5 days "5/6/88 [Hospital,] alcohol withdrawal "5/16/88 [Hospital,] Intoxicated when admitted "6/24/88 [Hospital,] chest pain and alcohol "7/9/88 [Hospital, to remove pins from hip] "7/10/88 [Alcohol] DT's "8/8/88 [Hospital,] hip pain "9/13/88 Hip [replacement]"
In her motion for new trial, Tedder argued that the jury had been impermissibly influenced by the list. In its order granting a new trial, the trial court stated:
 "Upon consideration of the plaintiff's motion for a new trial, the court finds as follows:
 "That on August 14, 1989, this action came on to be heard to a Jury, and on August 18, 1989, the Jury returned a verdict finding the issues in favor of the defendant. That the court customarily allows the Jury to deliberate in the courtroom due to the size of the courtroom and Jury room; that the court instructed the parties to remove their materials from the courtroom after the case was submitted to the Jury. That the exhibit, designated as plaintiff's exhibit 'A,' although not offered nor admitted into evidence, remained in the courtroom in which the Jury was deliberating.
 "Upon review of the exhibit, the court finds that the information thereon is prejudicial. Although stated in a criminal case, the following appears applicable:
 " 'The test of vitiating influence is not that it did influence a member of the Jury to act without the evidence but that it might have unlawfully influenced [a juror and the verdict].' Dumas v. State, 491 So.2d 1083, [at 1086 (Ala.Cr.App. 1986)]
 "It is therefore ADJUDGED that the judgment entered hereon on the 18th day of August, 1989, is hereby set aside, a new trial is hereby granted and this action is hereby returned to the active docket."
The granting or denial of a motion for new trial rests largely within the discretion of the trial court, and the exercise of that discretion carries with it a presumption of correctness that will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Moorman ManufacturingCo. v. Coan, 435 So.2d 106 (Ala.Civ.App. 1983); Holcombe v.Blackwell, 382 So.2d 566 (Ala.Civ.App. 1980).
It is also within the trial court's discretion to decide whether to allow evidence to go to the jury room, where it might be given undue emphasis and inordinate weight.Meadows v. Coca-Cola Bottling, Inc., 392 So.2d 825 (Ala. 1981);Ott v. Fox, 362 So.2d 836 (Ala. 1978). In Meadows, this Court held that, although a formal proffer of a blackboard into evidence was not necessarily required, the trial court did not abuse its discretion by refusing to allow a blackboard to be taken into the jury room. Accordingly, in this case, it was not error to grant a new trial because the easel had remained in the courtroom with the jury while it deliberated. Furthermore, the trial court had instructed the parties to remove their materials from the courtroom before the jury used that room to deliberate. Thus, we further hold that the trial *Page 1323 
court did not err in granting a new trial where counsel for defendant did not abide by the trial court's instruction and the trial court concluded, based on Dumas v. State,491 So.2d 1083 (Ala.Cr.App. 1986), that the jury might have been unlawfully influenced by having the easel in the room where it deliberated.
In her cross-appeal, Tedder argues that the trial court improperly instructed the jury and that the verdict was against the weight and preponderance of the evidence. However, Tedder's notice of appeal, filed on January 18, 1990, was not timely. The trial court entered its order granting a new trial on November 15, 1989, and Gold Kist filed its notice of appeal on December 27, 1989. Timely filing of a notice of appeal is jurisdictional. Spina v. Causey, 403 So.2d 199 (Ala. 1981);Allen v. Holmes, 439 So.2d 166 (Ala.Civ.App. 1983). Rule 4(a)(1), A.R.App.P., requires that, subject to certain enumerated exceptions, a notice of appeal be filed within 42 days of the date of the judgment appealed from. Allen v.Holmes, supra. Certain post-trial motions suspend the time for taking an appeal. Rule 4(a)(3) provides:
 "In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion."
Tedder failed to file her notice of appeal within 42 days of the filing of the trial court's order granting a new trial.
Rule 4(a)(2), A.R.App.P., provides:
 "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (two weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
Tedder did not file her notice of appeal within 14 days of the date on which Gold Kist's notice of appeal was filed. Her failure to file a notice of appeal within the time prescribed by Rule 4 is fatal, and we must dismiss the appeal ex mero motu. See Allen v. Holmes, supra.
The order granting a new trial is due to be, and it is hereby, affirmed. The plaintiff's cross-appeal is dismissed.
89-0579 — AFFIRMED.
89-0940 — DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.