BOWEN, Presiding Judge.
The State has filed a petition for writ of mandamus asking this Court to compel the circuit court to set aside its order granting a new trial in a criminal case.
Clifford Earl Blue was found guilty by a jury and convicted of assault in the third degree. Defense counsel timely filed a motion for new trial alleging the existence of newly discovered evidence. On November 25, 1992, the trial court granted the motion for new trial with the following order:
“A hearing was had on defendant’s ‘motion for new trial.’ It was proven that the State’s witness provided testimony different from what she today states is the truth. Said corrected testimony, along with the exculpatory evidence received by the State after trial may result in a different verdict. It is therefore ordered that a new trial is granted.”
The State disputes the validity and effectiveness of the newly discovered evidence and maintains that the trial court abused its discretion.
The petition is due to be denied. “Mandamus will not lie to compel the trial court’s exercise of discretion in a particular manner, nor to review the lower court’s proceedings for error, nor as a substitute for appeal.” Ex parte Hooper, 453 So.2d 1066, 1067 (Ala.1984). In State v. Waters, 453 So.2d 1067, 1067-68 (Ala.Cr.App.1984), this Court held: “The petition for writ of mandamus seeking to require a Montgomery Circuit Court judge to vacate and hold for naught his order granting a new trial is hereby denied on authority of Ex parte Hooper, 453 So.2d 1066 (Ala.1984), holding that mandamus will not lie to compel the trial court’s exercise of discretion in a particular manner.” Here, the trial court did not “substitute its judgment for that of the jury in determining credibility of the witnesses and the weight to be given the evidence.” Ex parte Nice, 407 So.2d 874, 879 (Ala.1981).
“[Mjandamus is an appropriate remedy when there is a clear showing that the trial court has abused its discretion by exercising that discretion in an arbitrary and capricious manner. Ex parte Rogers, 533 So.2d 245 (Ala.1988). However, mandamus is a drastic and extraordinary writ that will not be issued unless the petitioner has a clear and indisputable *701 right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala.1987).”
Ex parte King, 591 So.2d 464, 465 (Ala.1991).
A trial court has the power to grant a motion for new trial which has been timely filed. See Rule 24.1(a), A.R.Crim.P.
“The granting or denial of a motion for new trial rests largely within the discretion of the trial court, and the exercise of that discretion carries with it a presumption of correctness that will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.”
Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala.1991).
In Ex parte Jackson, 614 So.2d 405, 408 (Ala.1993), the Alabama Supreme Court stated:
“ ‘[MJandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Barber v. Covington County Commission, 466 So.2d 945 (Ala.1985).’
“Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
“Mandamus may issue to compel the exercise of discretion by an inferior court; however, it may not be used to control or revise the exercise of that discretion except in a case of abuse. Ex parte Edgar, 543 So.2d at 684 (citing Ex parte Smith, 533 So.2d 533 (Ala.1988)). ‘Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances which amount to judicial usurpation of power.’ Ex parte Nice, 407 So.2d 874, 877 (Ala.1981). Mandamus is not to be used as a substitute for an appeal, but mandamus can be used to prevent a gross disruption of the administration of criminal justice. Id.”
The petition for writ of mandamus is denied.
PETITION DENIED.
All Judges concur.