ROBERTSON, Presiding Judge.
On February 12, 1992, Jennifer Holland (wife) filed a petition for divorce, a request for a restraining order, and a request for alimony pendente lite against Charles Wrather Holland (husband).
After numerous pendente lite motions and hearings, the trial court entered a judgment of divorce on July 8, 1992, based upon an agreement of the parties and testimony taken in open court. No record of that proceeding is before this court.
On July 21, 1992, the husband filed a Rule 59, Alabama Rules of Civil Procedure, motion for a new trial, in which he claimed that the wife misrepresented to the trial court that she was no longer in possession of some of his personal property. The husband requested a new trial and an accounting of his personal property. Following a hearing on this motion, the trial court entered an order on August 5, 1992, in which it held that within 14 days the sheriff, or any one of his deputies, shall accompany the husband to the wife’s residence in order for the husband to obtain his personal belongings.
The husband filed a second motion for a new trial on August 19, 1992. The trial court denied the husband’s second motion for a new trial on August 21, 1992.
The sole issue the husband raises on appeal is whether the trial court abused its discretion in denying the husband’s motions for new trial. He contends that the trial court erred in not affording him a hearing on the August 19, 1992, motion.
Rule 59(b), A.R.Civ.P., provides that “[a] motion for a new trial shall be filed not later than 30 days after the entry of the judgment.” The judgment of divorce was entered by the trial court on July 8, 1992, and the husband filed his second motion for a new trial on August 19, 1992. This motion was untimely. As to the husband’s appeal from the trial court’s ruling on his timely filed Rule 59 motion, this case is affirmed on the authority of Gold Kist, Inc. v. Tedder, 580 So.2d 1321 (Ala.1991). We cannot find that “the record plainly and palpably shows that the trial court was in error.” Gold Kist at 1322.
The judgment of the trial court is affirmed. The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and YATES, JJ., concur specially, with opinion by THIGPEN, J.