The appellant, Roy Lee Douglas, was indicted by the Etowah County grand jury on two counts of robbery in the first degree, § 13A-8-41, Code of Alabama 1975. After all the evidence was presented, the trial court, on the defendant's motion, ruled that there was insufficient evidence to allow the charge of robbery in the first degree to go to the jury and charged the jury instead on the lesser included offense of robbery in the third degree. The appellant was found guilty on two counts of robbery in the third degree and was sentenced under the Habitual Felony Offender Act to two concurrent sentences of life in prison.
The evidence going to Count I of the indictment tended to show that on March 15, 1992, the appellant robbed an Amoco gasoline service station and convenience store of an undetermined amount of money. Regarding Count II of the indictment, the evidence tended to show that on April 19, 1992, the appellant entered a C Mart convenience store — BP gasoline station and demanded money from the cashier. The appellant, however, fled the store without any money.
 I
The appellant asserts that the trial court erred in denying his motion, made after the state had presented its evidence, to exclude the pre-trial and in-court identifications of the appellant made by the clerks who were working at each store where the robberies occurred. The appellant argues that the identifications were based on impermissibly suggestive pre-trial identifications. The appellant further argues that the evidence at trial was not sufficient to sustain the two convictions of robbery in the third degree, based on the alleged tainted identifications by both clerks. However, the appellant's trial counsel failed to object to the pre-trial and in-court identifications until after the close of the state's case-in-chief, when he filed his motion to exclude. Trial counsel made no objection when the evidence was offered, and thus failed to preserve any error for this court's review. This court has stated: "A motion to exclude . . . is not sufficient to preserve the issue where no timely objection was made at the time the evidence was offered and admitted." Newsome v. State,570 So.2d 703, 717 (Ala.Cr.App. 1989). The appellant's motion to exclude was untimely. See Morgan v. State, 589 So.2d 1315
(Ala.Cr.App. 1991); Fantroy v. State, 560 So.2d 1143
(Ala.Cr.App. 1989).
 II
The appellant further argues that the trial court abused its discretion when it sentenced the appellant to two concurrent sentences of life imprisonment. The appellant bases this argument on two settlement offers made by the state. The case action summary sheet shows that the first offer was made before trial, when the state offered the appellant two concurrent sentences of 25 years' imprisonment if he pleaded guilty to two counts of robbery in the third degree. The second offer was made during trial after all the evidence had been presented, when the state offered the appellant two concurrent sentences of 20 years' imprisonment if he pleaded guilty to two counts of robbery in the third degree. The appellant chose not to accept either offer and instead to submit his case to the jury.
The appellant argues that because the trial court indicated that it would have accepted either plea arrangement, the trial court erred in sentencing him to a longer term. This argument is not supported by the record, *Page 772 
which shows no promise by the trial court to accept any plea agreement in toto.
Moreover, the appellant did not plead guilty. Thus, no agreement was reached regarding a plea or any sentence that the state would recommend to the trial court. See Sides v. State,575 So.2d 1232 (Ala.Cr.App. 1991). Further, any agreement between the appellant and the state would result only in a recommended sentence. The court would not be duty bound to sentence the appellant according to the terms of the agreement.
At sentencing, the appellant conceded that he had at least three prior convictions for robbery. Therefore, having been convicted of a Class C felony with three prior felony convictions, under the Alabama Felony Habitual Offender Act, § 13A-5-9, Code of Alabama 1975, the appellant faced a punishment range of imprisonment for 15 years to not more than 99 years or life imprisonment. The sentence that the appellant received fell within the statutory range of punishment for an individual who committed a Class C felony, after having been convicted of three prior felonies. The trial court did not err in sentencing the appellant to two concurrent sentences of life imprisonment.
For the reasons stated above, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.