The petitioner, William Duncan, filed this petition for a writ of mandamus directing the Honorable D. Al Crowson, Circuit Judge for the Shelby Circuit Court, to enforce a plea agreement. The petitioner was charged with murder made capital because the murder occurred during the course of a robbery. § 13A-5-40(a)(2), Code of Alabama 1975. The record discloses that the petitioner and the district attorney's office had entered into negotiations concerning a plea agreement. According to the case action summary sheet, the case was set for a plea acceptance hearing. The next entry indicates that the petitioner filed a motion to have the plea agreement enforced. A hearing was held to determine whether a valid plea agreement existed, and Judge Crowson denied petitioner's motion to enforce the plea agreement, finding that the agreement "was conditioned upon obtaining the approval of the victim's family which never occurred." The petitioner then filed this petition for a writ of mandamus asking this court to direct the trial court to enforce the plea agreement.
Initially, this court must determine whether a writ of mandamus is the appropriate remedy in this case. The Alabama Supreme Court, in Ex parte Sides, 501 So.2d 1262 (Ala. 1986), held that a writ of mandamus could be used to challenge a trial court's failure to enforce a plea agreement. This court inState v. Blue, 617 So.2d 700 (Ala.Cr.App. 1993), stated the following concerning the extraordinary nature of a writ of mandamus:
 " 'Mandamus may issue to compel the exercise of discretion by an inferior court; however, it may not be used to control or revise the exercise of that discretion except in a case of abuse. Ex parte Edgar, 543 So.2d[682] at 684 [(Ala. 1989)] (citing Ex parte Smith, 533 So.2d 533 (Ala. 1988)). "Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances which amount to judicial usurpation of power." Ex parte Nice, 407 So.2d 874, 877 (Ala. 1981). Mandamus is not to be used as a substitute for an appeal, but mandamus can be used to prevent a gross disruption of the administration of criminal justice. Id.' "
617 So.2d at 701, quoting Ex parte Jackson, 614 So.2d 405, 408
(Ala. 1993).
At the hearing on the motion to enforce the plea agreement, Greg Lowrey, an assistant district attorney at the time of the plea negotiations, was called as a witness. Mr. Lowrey testified that the petitioner was offered a certain sentence if he agreed to plead guilty to murder. However, Mr. Lowrey also stated that it was his recollection that the agreement was contingent upon the approval of the agreement by the victim's family. After the hearing the trial court made the following finding:
 "Motion to enforce plea agreement in accordance with Ex parte Yarber, [437 So.2d 1330 (Ala. 1983)] is DENIED as the Court finds that any agreement by the State was conditioned upon obtaining the approval of the victim's family which never occurred."
The trial court's finding is supported by the testimony at the hearing and by the affidavit of Greg Lowrey, in which he states:
 "The proposed settlement recommendation I made was as follows:
 "That William Duncan plead guilty to murder and he would receive a fifteen (15) year sentence and the State would recommend probation for a period of five (5) years; however, this offer was contingent upon the victim's agreeing to it."
Because the court's finding is supported by the record, we find no abuse of discretion. Blue, supra. Because the plea agreement was contingent upon an event that never occurred, there was no agreement; therefore, the court did not err in denying the motion to enforce the plea agreement.
However, we caution prosecutors against using tactics such as those used in this case. The plea agreement serves an important function in our justice system. The United States Supreme Court in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427 (1971), recognized the importance of the plea agreement and stated: "When a plea rests in significant degree on a promise or agreement of the prosecutor, so that it can *Page 954 
be said to be part of the inducement or consideration, such promise must be fulfilled".
However, for the reasons stated above, the petition for the writ of mandamus is due to be denied.
PETITION DENIED.
All the Judges concur except COBB, J., who dissents without opinion.