The petitioner, Alissa Pfalzgraf, filed this petition for a writ of mandamus directing the Honorable Phillip N. Lisenby, circuit judge for the Sixth Judicial Circuit, to order specific performance of her plea agreements.
In August 1998, Pfalzgraf was arrested and charged with two counts of burglary in the third degree. She requested that she be allowed to appear before Tuscaloosa's drug court. She argued that, she would agree to the terms of drug court by pleading guilty to the charges and undergoing extensive drug treatment for drug-related problems. The district attorney approved Pfalzgraf's request, and a plea date was set for February 1999. When Pfalzgraf appeared in drug court to enter her pleas, Judge Lisenby refused to accept them, stating that the district attorney's office had rescinded its approval for her entry into drug court. Pfalzgraf twice moved to compel enforcement of the plea agreements. These motions were denied; this petition followed.
Pfalzgraf has no statutory right to directly appeal Judge Lisenby's ruling; thus, a petition for a writ of mandamus is her only available means of obtaining a higher court's review. Exparte Duncan, 676 So.2d 952 (Ala.Cr.App. 1995). *Page 1119 
The Alabama Supreme Court, in Ex parte Yarber, 437 So.2d 1330
(Ala. 1983), held that a defendant is entitled to have the trial court consider the terms of a plea agreement before the defendant pleads guilty or relies on the terms of the plea agreement. The Court recognized the importance plea agreements serve when it stated:
 "Negotiated pleas . . . serve a valuable role in the criminal justice system. If the integrity of that role is to be maintained, certainty must prevail. The state need not enter into a plea agreement. It may choose not to do so, and proceed to trial on any case. The United States Supreme Court states there is no constitutional right to a negotiated plea. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). However, once the state chooses to make an agreement, it should not be allowed to repudiate that agreement with impunity. State v. Brockman, 277 Md. 687, 357 A.2d 376 (1976) (cited with approval in Kisamore v. State, [286 Md. 654, 409 A.2d 719 (1980)]). A contrary result would not encourage a defendant to come to grips with the moral and strategic considerations necessary to accepting a negotiated plea, and pleading guilty, if he knows the very agreement he must consider is subject to unilateral speculation by the state. If we allow the state to dishonor at will the agreements it enters into, the result could only serve to weaken the plea negotiating system. Such a result also is inconsistent with the `honesty and integrity' encouraged by Canon 1, Alabama Code of Professional Responsibility.
 "The Third Circuit Court of Appeals in Government of the Virgin Islands v. Scotland, [614 F.2d 360 (3rd Cir. 1980)], held that where the state breaches a plea agreement before the defendant acts in reliance on it, specific performance is denied because the defendant has the adequate remedy of a jury trial. We cannot accept that proposition. We agree with the Third Circuit that the right to a jury trial is an important and fundamental right. Nevertheless, it may be an inadequate remedy for a defendant seeking to enforce the terms of an agreed upon plea. In so holding, we do not belittle the value of that fundamental right. We merely recognize that the uncertainty of its outcome is likely to make a jury trial less than a meaningful remedy. One commentator observes:
 "`To the defendant, a trial appears risky and unpredictable when compared with the plea bargaining process. Many factors, including limited pretrial discovery, indeterminate questions of credibility, and the uncertainties of jury decisions, make the outcome of a trial unpredictable. In addition, unpredictability is often prevalent in sentencing procedures. Most criminal statutes grant the judge a wide and largely uncontrolled latitude of sentencing discretion. Plea bargaining eliminates many of these uncertainties by providing a predetermined charge and sentence. . . .'
 "Note, Plea Bargaining Agreements — Right to Enforcement Derived from Fifth and Sixth Amendments, 3 Western New Eng. L. Rev. 249, 252, N. 24 (1980), citing Note, Plea Bargaining and the Transformation of the Criminal Process, 90 Harv.L.Rev. 564 (1977)."
437 So.2d at 1335-36 (footnote omitted). See also Ex parteRichardson, 678 So.2d 1046 (Ala. 1995); Ex parte Sides, 501 So.2d 1262
(Ala. 1986); Duncan, supra.
The Alabama Supreme Court has stated that the right to have a plea agreement enforced has its genesis in the Due Process Clause of the Constitution. See Ex parte Johnson, 669 So.2d 205 (Ala. 1995). The Alabama Supreme Court, citing Santobello v. New York,404 U.S. 257 (1971), stated:
 "In Santabello, the Supreme Court stated that `when a plea [of guilty] rests in any significant degree on a promise or *Page 1120 
agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promises must be fulfilled.' 404 U.S. at 262. The Court in Santabello did not specifically state where the right to relief from a broken plea agreement arises. However, we believe that the right comes from the due process requirement that guilty pleas be made voluntarily and intelligently, given that a guilty plea is a waiver of fundamental rights such as a jury trial, the right against self-incrimination, and the right to confront accusing witnesses. See, Santabello, 404 U.S. at 261."
669 So.2d at 207.
Here, Pfalzgraf's mandamus petition points out Tuscaloosa County's unique way of handling drug-related cases. Pfalzgraf states the following about Tuscaloosa's drug court:
 "The Circuit Court in Tuscaloosa County has a division known as the Tuscaloosa County Drug Court, which operates an intensive drug treatment program. Individuals charged with crimes that are either directly or indirectly related to a substance abuse problem may apply for entry into the Drug Court treatment program both pre-and post-indictment. If accepted, a defendant enters a plea of guilty and sentencing is deferred pending evaluation and treatment. The typical treatment program lasts for 2 years. If the defendant successfully completes the program, the plea of guilty is withdrawn and charges are dismissed. If, however, the Defendant fails to successfully complete the program, a sentencing hearing is conducted, sentence is imposed and the defendant is incarcerated."
Here, it is undisputed that a plea agreement existed. Judge Lisenby stated the following in his answer to the mandamus petition: "The facts in this Defendant's case are undisputed. The Defendant made application to Drug Court. This application was approved by the treatment team and the former District Attorney administration. Prior to the entry of Defendant's plea, the new District Attorney administration withdrew its approval." In denying the motion to compel enforcement, Judge Lisenby stated that he had no discretion to approve the plea agreement because the district attorney had withdrawn his approval for Pfalzgraf to enter drug court. The exhibits filed with the mandamus petition reflect that approval was withdrawn because a new district attorney was elected after the approval was given but before Pfalzgraf's admission to the program. The new district attorney changed the drug court guidelines. There was also testimony at the motion-to-compel-enforcement hearing that Pfalzgraf had been evaluated and deemed "appropriate from a treatment point of view for entry into the Drug Court program" and that, in fact, a date had been set for her admission into the program. Also, Pfalzgraf had not violated any condition of the plea agreement.
A "binding and enforceable" plea agreement existed in this case. That agreement was subsequently repudiated by the district attorney before Pfalzgraf pleaded guilty. Thus, the question becomes — what relief is due Pfalzgraf? For guidance we look to the Alabama Supreme Court's opinion in Yarber, where that Court stated:
 "Because the trial court is not bound to accept an agreement between the defense and prosecution, defendant cannot compel the entry of a judgment of guilty coupled with the terms embodied in the plea agreement. Nevertheless, defendant is not without a remedy. Under the posture of the agreement in this case, defendant is entitled to compel the enforcement of that for which he bargained — that is, the tender of the negotiated plea, with its attendant terms, to the trial court for its consideration." *Page 1121 
Yarber, 437 So.2d at 1336.[1]
Based on the Alabama's Supreme Court's decision in Yarber, this petition is due to be granted. This cause is remanded to the drug court division of the Circuit Court for Tuscaloosa County for that court to consider the plea agreement, as directed in Yarber.
PETITION GRANTED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] We are aware that a trial court is not bound to accept the terms of a plea agreement. See Clay v. State, 562 So.2d 1307
(Ala. 1990); Moore v. State, 719 So.2d 269 (Ala.Cr.App. 1998);Bagley v. State, 681 So.2d 262 (Ala.Cr.App. 1995); Douglas v.State, 629 So.2d 770 (Ala.Cr.App. 1993); Pryor v. State,599 So.2d 83 (Ala.Cr.App. 1992).