PITTMAN, Judge.
 

 These consolidated cases arise out of an action brought in the Jefferson Circuit Court in June 2004 by Joe Fenison (“the employee”) against three defendants: his former employer, Birmingham Spring Service, Inc. (“the employer”); Attenta, Inc., the employer’s workers’ compensation insurance administrator (“Attenta”); and Sarah Hargrove, an employee of Attenta. In that action, the employee sought compensatory and punitive damages based upon the defendants’ alleged wrongful conduct in failing to abide by a consent judgment entered in October 2000 on the employee’s earlier workers’ compensation claim against the employer stemming from a work-related injury to the employee’s right arm. The trial court entered a summary judgment in the action in favor of all defendants on January 14, 2008, and stated in that judgment that costs were “taxed as paid.”
 
 Compare
 
 Rule 54(d), Ala. R. Civ. P. (“Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... ”).
 

 On May 20, 2008, more than four months after the trial court had entered its judgment directing that costs were to be taxed as paid, the employer, Attenta, and Har-grove filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., for relief from the costs provision of the judgment so as to award them costs, including attorney fees, in the total amount of $57,044.65; in that motion, the defendants averred that they had sought relief under Rule 60(b)(6) because “a thorough review of this file as well as invoices, billing, and expenditures subsequent to the entry of this court’s final order in January 2008[] clearly showed that this litigation could have been handled much more efficiently and with much less cost to both parties.” The motion was accompanied by attachments purporting to be court-reporting and transcription bills from 2005 and 2006 and legal-services statements covering the period from September 2004 through January 2008. Nine days after the defendants’ motion was filed, on May 29, 2008, the trial court entered an order granting the defendants’ Rule 60(b) motion in part and ordering the employee to pay costs in the amount of $19,529.45.
 

 On May 30, 2008, the employee timely moved to vacate the trial court’s order granting the Rule 60(b) motion, averring that a motion pursuant to Rule 60(b) was not an appropriate procedural device by which to seek review of the trial court’s taxation of costs in its January 14, 2008, judgment. The trial court did not, however, rule upon the employee’s motion on or before August 28, 2008, within 90 days of its having been filed, and pursuant to Rule 59.1, Ala. R. Civ. P., that motion was automatically denied. Notwithstanding that denial, on September 15, 2008, the trial
 
 *66
 
 court entered an order purporting to grant the employee’s motion.
 

 The employee filed a notice of appeal on October 9, 2008, 42 days after the automatic denial of his postjudgment motion to vacate the trial court’s judgment as amended by its May 29, 2008, order granting the defendants’ motion for relief from the January 14, 2008, judgment. That appeal was docketed in this court as case no. 2080023. On October 15, 2008, within a presumptively reasonable time for seeking review by a petition for an extraordinary writ,
 
 see
 
 Rule 21(a), Ala. R.App. P., the employer filed a petition for a writ of mandamus challenging the validity of the September 15, 2008, order purporting to grant the employee’s May 30, 2008, motion. That petition was docketed in this court as case no. 2080036.
 
 Ex mero motu,
 
 this court ordered that the two proceedings be consolidated for briefing purposes and ordered that the employer’s mandamus petition would be treated as if it were a “cross-appeal” from the judgment under review.
 

 Because the employer’s “cross-appeal” is directed to the trial court’s most recent order, and may be resolved simply, we address it first. As we have noted, the employee’s motion seeking to vacate the trial court’s amended judgment was filed on May 30, 2008, but was not ruled upon by August 28, 2008. Rule 59.1, Ala. R. Civ. P., states that a postjudgment motion to vacate pursuant to Rule 59, Ala. R. Civ. P., may not remain pending in the trial court for more than 90 days unless either “the express consent of all the parties” appears of record or an order of extension is issued by the appellate court to which an appeal of the judgment would lie; under Rule 59.1, any failure by the trial court to rule upon a postjudgment motion within the permitted time “constitute[s] a denial of such motion as of the date of the expiration of the period.” On the authority of
 
 Ex parte Davidson,
 
 782 So.2d 237, 240-41 (Ala.2000), we must conclude that the trial court’s order of September 15, 2008, was entered without jurisdiction and was a nullity; thus, as to case no. 2080036, we direct the trial court to vacate that void order.
 
 [1]
 

 We next turn to the employee’s appeal from the trial court’s May 29, 2008, order amending its judgment, in response to the defendants’ May 20, 2008, Rule 60(b) motion, so as to tax to the employee a portion of the costs claimed by the defendants.
 
 [2]
 
 Rule 60(b), Ala. R. Civ. P., provides, in pertinent part:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 
 *67
 
 (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time,
 
 and for reasons (1), (2), and (3) not more than four (k) months after the judgment, order, or proceeding was entered or taken.”
 

 (Emphasis added.)
 

 The employee posits that Rule 60(b) is not a proper procedural vehicle by which a party may seek relief from a trial court’s taxation of costs. There is authority in Alabama that supports the employee’s position. In
 
 City of Birmingham v. City of Fairfield,
 
 396 So.2d 692 (Ala.1981), the Alabama Supreme Court reviewed a trial court’s order granting a motion, labeled as a Rule 60(b) motion, that had requested reexamination of the allocation of costs in the trial court’s judgment on the merits of the case. The Alabama Supreme Court rejected the appellant’s attempt to seek reversal on the basis that Rule 60(b) was not a substitute for appellate review; in doing so, it opined that the motion, although ostensibly one filed under Rule 60(b), had in actuality been a motion to alter, amend, or vacate so as to be cognizable under Rule 59(e), Ala. R. Civ. P. 396 So.2d at 695-96. Subsequently, in
 
 City of Jasper Civil Service Board v. Schultz,
 
 412 So.2d 818 (Ala.Civ.App.1982), this court reversed an order issued by a trial court that had purported to grant a party’s
 
 pro se
 
 oral motion that had been presented more than four months after an amended judgment taxing costs against him; in
 
 Schultz,
 
 we characterized
 
 City of Birmingham
 
 as having held that a Rule 60(b) motion “was not a proper procedural device by which to seek a reconsideration of the issue of taxing costs,” and we ruled that the oral motion could only be properly viewed as an untimely Rule 59(e) motion. 412 So.2d at 818-19.
 

 However, we reached a seemingly contrary conclusion in
 
 Rebel Oil Co. v. Pike,
 
 473 So.2d 529 (Ala.Civ.App.1985), in which we construed a request to amend a judgment so as to provide for a lump-sum award of attorney fees — an element of costs — as cognizable under Rule 60(b). Because, as we explain herein,
 
 Rebel Oil
 
 casts doubt upon the correctness of the trial court’s May 29, 2008, order in other respects, we will assume that
 
 Rebel Oil
 
 correctly determined that some portion of Rule 60(b) may, in a proper case, serve as a basis for seeking relief from the cost provisions of a judgment.
 

 “In order to obtain Rule 60(b) relief, the movant must
 
 allege and prove
 
 one of the grounds in the rule.”
 
 Briscoe v. Briscoe,
 
 600 So.2d 290, 292 (Ala.Civ.App.1992) (emphasis added). In this case, the defendants delayed seeking relief until more than four months had elapsed from the entry of the judgment; thus, the defendants’ motion for relief under Rule 60(b) was cognizable, if at all, under only subsections (4), (5), and (6) of that rule, which permit relief based upon voidness of the pertinent judgment, the occurrence of subsequent events indicating that the judgment should not have prospective application, or other reasons justifying relief that fall outside the five grounds enumerated in Rule 60(b) itself. The defendants’ motion alleged that relief was justified under subdivision (6), the “catch-all” provision; they did not contend that the January 14, 2008, judgment was void or that it should not have prospective application. We thus proceed to consider whether the defendants were entitled to relief under subdivision (6) of Rule 60(b).
 

 In our inquiry, we are guided by our decision in
 
 Rebel Oil.
 
 In
 
 Rebel Oil,
 
 the parties to a workers’ compensation claim entered into a settlement of that claim, and the trial court entered a judgment in Sep
 
 *68
 
 tember 1983 approving the settlement and directing that the plaintiffs attorney would be paid a 15% fee to be paid on a weekly basis from the compensation awarded. In November 1984, Pike, the plaintiffs attorney, filed a motion, invoking Rule 60(b)(6) as authority, that sought to amend the September 1983 judgment so as to provide for the payment of the attorney fee in a lump sum based upon a July 1983 opinion of this court providing for such an award; the trial court granted that motion, prompting the defendant to appeal. We concluded that the trial court’s order granting relief was outside the scope of that court’s discretion to grant relief under subdivision (6) of Rule 60(b):
 

 “In order for rule 60(b)(6) to be available as a device for relief from judgment, two prerequisites must be satisfied. First, the motion must be based on some reason other than those stated in rule 60(b)(1) through 60(b)(5), and second, the reason urged for relief must be such as to justify relief. Neither prerequisite is satisfied in the case before us.
 

 “In
 
 Chambers County Commissioners v. Walker,
 
 459 So.2d 861 (Ala.1984), a case similar to the case before us, plaintiffs brought a rule 60(b)(6) motion for relief from judgment on the grounds that plaintiffs’ counsel had mistaken the effect that this judgment would have on any subsequent suit brought against the commission. Plaintiffs’ counsel stated that he was unaware of a particular line of cases, and that he would not have agreed to the settlement had he been aware of those cases. The supreme court held that plaintiffs stated grounds for relief under rule 60(b)(1). Thus, plaintiffs could not seek relief under rule 60(b)(6) since the categories for relief under rule 60(b) are mutually exclusive.
 

 “Similarly, in the case at bar, Pike was unaware of a case that would have permitted him to recover his attorney fees in a lump sum. Due to his own mistake and inadvertence, Pike failed to request that his fees be awarded in a lump sum. Pike’s motion thus shows grounds for relief under rule 60(b)(1), and he may not seek relief under rule 60(b)(6). Nor may he characterize his motion as a 60(b)(6) motion and thereby escape the four month time limitation of rule 60(b)(1).
 

 “However, Pike contends that relief is available under rule 60(b)(6) because he has shown sufficient aggravating circumstances justifying relief. The supreme court has stated that grounds for relief under rule 60(b)(1) generally cannot be valid grounds under rule 60(b)(6)
 
 unless
 
 sufficient aggravating circumstances exist so as to permit the trial court to say that the case is properly within 60(b)(6).
 

 “A party seeking relief under rule 60(b)(6) has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief.
 

 “Pike argues that if the court does not direct that his fees be paid in a lump sum a sizeable portion of his fee could be lost. Yet, Pike voluntarily entered into the settlement agreement on behalf of his client and agreed to the manner of payment of his attorney fees.... Pike waited more than a year after the judgment was entered before seeking to set it aside....
 

 “Pike participated in the agreement to settle this controversy and must be assumed to have agreed to the provision in the written agreement providing for the payment of his fee. No request was made of the trial court at that time to award a lump-sum fee. Rule 60(b)(6) ‘is not for the purpose of relieving a party from free, calculated, and deliberate
 
 *69
 
 choices he has made. A party remains under a duty to take legal steps to protect his own interests.’ The parties have relied on the settlement agreement for thirteen months. Had Pike been more diligent in discovering his legal rights, he might have obtained relief under rule 59(e) or 60(b)(1).”
 

 473 So.2d at 531-32 (citations omitted).
 

 To like effect is the decision of the United States Court of Appeals for the Eleventh Circuit construing analogous federal procedural rules in
 
 United States v. Route 1, Box 111,
 
 920 F.2d 788 (11th Cir. 1991).
 
 [3]
 
 In
 
 Route 1,
 
 the United States brought a forfeiture action against a parcel of property alleged to have been used to facilitate an illicit-drug-distribution business; the federal district court, which was the trial court in that case, entered a final judgment in December 1987 in favor of the United States stating that no costs would be taxed. In August 1988, the United States filed a motion seeking forfeiture of a cost bond that had been posted by a claimant of the property as to which bond the United States had claimed prior unawareness; the district court construed the request as a motion pursuant to Rule 60(b)(6), Fed.R.Civ.P., and awarded the bond to the United States. In reversing that judgment, the federal appellate court reasoned:
 

 “The district court erred in relying on F.R.C.P. 60(b)(6) as a basis for granting the United States’ motion for post judgment relief. That part of Rule 60(b) applies only to cases that do not fall into any of the other categories listed in parts (l)-(5) of Rule 60(b). This result is evident from the Rule’s language and structure.
 

 “ ‘[T]he very cast of the Rule and the language of clause (6) indicate that this residual clause is dealing with matter not covered in the preceding five clauses. Further, the maximum time limitation ... that applies to clause (1), (2) and (3) would be meaningless, if after the ... period had run the movant could be granted relief under clause (6) for reasons covered by clauses (1), (2) and (3).’
 

 “From the categories available under Rule 60(b),
 
 the United States’ failure to request costs as part of the judgment can only be classified as a mistake, inadvertence or neglect.
 

 “We decide that the government waived its right to file a motion to tax costs in the face of a final judgment which states that no costs would be taxed. Rule 59(e)[, Fed.R.Civ.P.,] permits a litigant to move the court to alter or amend a judgment within ten days. Rule 60(b)(l)[, Fed.R.Civ.P.,] permits a litigant to move the court within a reasonable time not to exceed one year for relief from a final judgment. Additionally, we have held that ‘[a] final judgment under Rule 60(b) is any judgment that is an appealable order.’ Thus,
 
 the government’s only avenue of relief, if any exists, lies under Rule 60(b)(1).
 

 [[Image here]]
 

 “The government’s motion under Rule 60(b)(1) ... fails because the government has not shown that the equities of this case warrant our reopening this final judgment. Rule 60(b) is a remedial rule that ‘should be liberally construed in order to do substantial justice.’ This concern is most compelling when the court has not reached the merits of the case. In the instant case, the govern-
 
 *70
 
 merit contends that its failure to move earlier than eight months after the district court entered judgment was excusable. The government premises its excuse on the fact that it did not realize that the claimant had filed a cost bond. This totally misses the point.
 
 Since the judgment included the statement that no costs were to be taxed, the government was on notice from the time of the judgment that it was not entitled to costs.
 
 The fact that the government was unaware that the claimant had filed a cost bond is irrelevant. Thus, the question confronting this court is whether the government’s failure to attack the final judgment as to costs is excusable. We conclude that it is not.
 

 [[Image here]]
 

 “We recognize that final judgments should ‘yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause.’ However, attorney negligence or oversight is rarely grounds for relief. We conclude that the U.S. Attorney’s failure to understand the implications of the district court’s judgment ... cannot, even under the most liberal construction, qualify for relief under Rule 60(b).”
 

 920 F.2d at 791-92 (emphasis added; footnote and citations omitted).
 

 In this case, the defendants were on notice, from the date that the trial court entered its judgment, that (a) notwithstanding the “prevailing party” provisions of Rule 54(d), Ala. R. Civ. P., the defendants had been determined not to be entitled to an award of costs, and (b) the defendants had accrued substantial costs of more than $50,000 before the entry of that judgment. Despite that knowledge, the defendants did not move to alter, amend, or vacate the costs provision of the judgment within 30 days of the entry of that judgment so as to warrant relief under Rule 59(e), Ala. R. Civ. P. Further, they did not move for relief from the judgment within the four-month period within which they could have obtained relief based upon subdivision (1) of Rule 60(b), the appropriate subdivision of that rule allowing relief based on mistake, inadvertence, or neglect. By waiting until more than four months had elapsed to seek relief from the cost provisions of the trial court’s judgment so that a motion seeking relief under only subdivision (6) remained as a viable procedural vehicle, the defendants foreclosed any rights they might have had to such relief — both
 
 Rebel Oil
 
 and
 
 Route 1
 
 demonstrate that Rule 60(b)(6) relief is not available simply to challenge cost provisions of a judgment that might properly have been modifiable at an earlier point.
 

 Based upon the foregoing facts and authorities, we must conclude that the trial court erred in concluding that the defendants had alleged and proved grounds under Rule 60(b)(6), Ala. R. Civ. P., for relief from the judgment as to costs. Thus, we agree with the employee that the trial court’s May 29, 2008, order granting the relief requested by the defendants in their May 20, 2008, motion is due to be reversed. We remand the cause to the trial court with instructions to vacate both the May 29, 2008, order and the September 15, 2008, order, and to reinstate the January 14, 2008, judgment.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The employee, with commendable candor, concedes this issue, averring in the statement of facts of his appellate brief that his May 30, 2008, motion was "overruled by operation of law” pursuant to Rule 59.1, Ala. R. Civ. P.
 

 [2]
 

 . That order, which contemplated "no further proceedings” in the trial court, amounts to a final, appealable judgment.
 
 See R.E. Grills, Inc. v. Davison,
 
 641 So.2d 225, 228 (Ala.1994).
 

 [3]
 

 . Cases interpreting the Federal Rules of Civil Procedure are authority for interpreting the Alabama Rules of Civil Procedure.
 
 Bracy v. Sippial Elec. Co.,
 
 379 So.2d 582, 584 (Ala.1980).